# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW, | : | |
| Plaintiff, | : | No. 21-cv-4915-JMY |
| | : | |
| v. | : | |
| | : | |
| CARVANA CO., | : | |
| Defendant. | : | |

### ORDER

AND NOW, this 3rd day of January, 2022, upon consideration of the Request for Default Judgment (ECF No. 6) filed by the *pro se* Plaintiff, Jordan Tyler Breslow, it is hereby ORDERED that Plaintiff's Request is DENIED.[1]

IT IS SO ORDERED.

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge

---

[1] This action arises from the purported cancelation of a contract for the sale of a used automobile. (Complaint ¶ 5.) Although the Complaint does not identify the specific type of automobile at issue, exhibits attached to the Complaint identify a contract for the sale of a 2009 Mercedes-Benz, SLK-Class silver convertible two-door Roadster. (*Id.*, Exhibits, ECF No. 1-1, pp. 9, 19, 27.) Plaintiff alleges that on October 30, 2021 when he initiated the purchase of the automobile, the Defendant represented that it had 3366 miles on the odometer. (*Id.* ¶¶ 4-5.) Plaintiff further alleges that he subsequently canceled the contract for sale in the final stages of purchase after learning that the automobile had 66,181 miles on the odometer. (Complaint ¶ 5.) Plaintiff avers that "[He] was forced to cancel the order resulting in damages and was unable to resolve this matter sufficiently with the company staff and was forced to bring this matter [in federal court.]" (*Id.* ¶ 10.) He goes on to aver that "[He] was unable to find an immediate alternative or replacement in terms of transportation, resulting in loss sales opportunities in the tens of thousands of dollars." (*Id.* ¶ 11.) Plaintiff also alleges that "As a proximate result of the fraudulent conduct of Carvana, [Plaintiff] was forced to expend additional money to find alternative transportation and lost sales. Additionally, as a result of Carvana's conduct [Plaintiff] was unable to fulfill obligations made to his clients." (*Id.* ¶ 22.)

Plaintiff has now filed a Request for Default Judgment in which he cites to Fed. R. Civ. P. 55.  Plaintiff should have filed a Request for Entry of Default prior to moving for a Default Judgment.  However, Plaintiff's procedural oversight does not change the analysis of the Proof of Service (ECF No. 3) that he filed in connection with this matter.  Plaintiff's Proof of Service is defective; therefore, the analysis would be the same whether the Court was reviewing a Request for Entry of Default or a Motion for Default Judgment.

Plaintiff failed to specify a method for services of process or a rule of civil procedure in support of his purported Proof of Service.  Presumably, Plaintiff attempted to make service of process against a foreign Defendant by mail in accordance with Pa. R. Civ. P. 404(2).  Pursuant to Pa R. Civ. P. 404, service outside of the Commonwealth of Pennsylvania may be made by mail in the manner provided for by Pa. R. Civ. P. 403.  Pa. R. Civ. P. 404(2).  Rule 403 provides, in pertinent part:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendants by any form of mail requiring a receipt signed by the defendant or his authorized agent.  Service is complete upon delivery of the mail.

Pa. R. Civ. P. 403.  Thus, under Pennsylvania law, service by mail upon an out-of-state individual or corporation is not proper unless it is effectuated by a form of mail requiring a receipt signed by the defendant or his authorized agent.  The Note accompanying Rule 403 provides: "The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.  Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery." *Id.* Note.

Plaintiff's purported Proof of Service is deficient under the Pennsylvania Rules of Civil Procedure because the Domestic Return Receipt was not addressed to a specific identifiable individual.  Furthermore, Plaintiff failed to file a signed receipt – a green card – along with his Proof of Service.  Therefore, the Court cannot determine whether an authorized person signed and accepted service of process on behalf of the corporate Defendant.  Under Pa. R. Civ. P. 424, service of original process upon a corporation "shall be made by handing a copy to (1) an executive officer, partner or trustee of a corporation . . . or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation."  Pa. R. Civ. P. 424.

The Domestic Return Receipt provided by the Plaintiff indicates that it was not sent by restricted delivery to an identifiable individual in accordance with Pa. R. Civ. P. 403; therefore, it is deficient under Pennsylvania law.  *Fox v. Chipotle Mexican Grill, Inc.*, No. 20-cv-1448, 2021 U.S. Dist. LEXIS 33782 *7 (W.D. Pa. Feb. 23, 2021) ("[P]laintiffs sent the service to a foreign corporation by certified mail without restricted delivery.  Plaintiffs' proof of service form showed that, although they attempted service by certified mail[,] [p]laintiffs did not select 'restricted delivery'.  The Court finds that [p]laintiffs' service of process by certified mail was improper."); *Chapman v. Homecoming Fin. Servs., LLC*, No. 07-4553, 2008 U.S. Dist. LEXIS 34392, *5 (E.D. Pa. April 28, 2008) (Service was not properly made on defendants under Pennsylvania law where plaintiffs sent copies of the complaint, but did not select restricted delivery and did not otherwise require a return receipt.); *Forringer v. Savage Arms, Inc.*, No. 17-1272, 2017 U.S. Dist. LEXIS 174627, *3 (W.D. Pa. Oct. 23, 2017) (service by certified mail without restricted delivery is insufficient to effect service on a foreign corporation); *Grant St. Group, Inc. v. D&T Ventures, LLC*, No. 10-1095, 2011 U.S. Dist. LEXIS 19835 *8 (W.D. Pa. Oct. 23, 2017) ("Had [p]laintiff's counsel wished to comply with Rule 403, he could have

elected to have the certified mailing marked 'restricted delivery.'"); and *American Telecom v. First Nat'l Commun. Network, Inc.*, No 99-3795, 2000 U.S. LEXIS 7529, *7-8 (E.D. Pa. June 2, 2000) ("[S]ervice... not made by 'restricted delivery' mail...and...with no indication as to [signer's] authority to accept service of process on behalf of [defendant]....d[oes] not comply with [Rule] 403.").

       Having found Plaintiff's Proof of Service deficient under Pennsylvania law, Plaintiff shall immediately take steps to cure this defect or risk dismissal of this action.  Plaintiff should file any petition or motion that he believes is necessary to protect his rights—including a motion for reconsideration if he believes this Court erroneously analyzed his Proof of Service and Request for Default Judgment.