**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| BRESLOW, | : | |
| | : | |
| | : | Case No. 2:21-cv-04915-JMY |
| Plaintiff, | : | |
| vs. | : | Judge John Milton Younge |
| | : | |
| CARVANA CO., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CARVANA, LLC'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## <u>TABLE OF CONTENTS</u>

**PAGE**

I.     PRELIMINARY STATEMENT ................................................................1

II.     FACTUAL BACKGROUND ................................................................2

     A.     Plaintiff Attempts a Vehicle Purchase, But Immediately Opts-Out and Sues ........2

     B.     Material Contractual Provisions ................................................2

         1.     Odometer Disclaimers ................................................3

         2.     Limited Warranties and Disclaimers ................................3

III.     LEGAL ARGUMENT ................................................................4

     Point I     PLAINTIFF'S NON-CONTRACT CLAIMS (Counts 7, 8, 9, and 11) ARE BARRED BY ECONOMIC LOSS AND GIST OF THE ACTION DOCTRINES ................................................................5

     A.     The Gist of the Action Doctrine Forecloses Tort Claims Sounding in Contract .....5

     B.     The Economic Loss Doctrine Bars Tort Claims That Seek to Recover Damages Flowing from a Contract ................................................7

     Point II     PLAINTIFF'S CONTRACT CLAIMS (COUNT 1-3, 14) SHOULD BE DISMISSED ................................................................8

     A.     Plaintiff's Breach of Contract Claim (Count 1) Should be Dismissed  Because There Is No Enforceable Contract, Defendant is Not a Party, Breach is Insufficiently Alleged, and Damages are Insufficiently Alleged...........................8

         1.     The Alleged Contract is Not Enforceable Because Carvana is Not a Party to the Agreement, which Never Reached Effective Date; Alternatively, even if an Enforceable Contract Was Formed, Plaintiff Fails to Plead Any Cognizable Breach Thereof ................................................8

         2.     Plaintiff Has Not Pled any Plausible Theory of Recoverable Damages ....10

     B.     Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count 2) Should be Dismissed Because It is Insufficiently Pled, and there is Either no Contract for which an Implied Covenant Would Exist or the Claim is Barred by Contract ................................................10

     C.     Plaintiff's Breach of Express Warranty Claim (Count 3) Should be Dismissed Because It is Insufficiently Pled, Barred by the Express  Language of the Transaction Documents, And Duplicative of  Plaintiff's Breach of Contract Claim ................................................11

     D.     Plaintiff's Claim for Declaratory Relief (Count 14) Fails Because It is a Remedy, not a Claim, Does not Identify the Source of his "Right" to Purchase Vehicles from Carvana, and Improperly Seeks to Adjudicate Past Conduct ................12

i

Point III   PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIMS (COUNTS 4-5) SHOULD BE DISMISSED .......................................................................13

A.      Implied Merchantability Claims Should be Dismissed Because Plaintiff Has Not Pled That the Vehicle Cannot Be Used for its Ordinary Purpose..........................14

B.      Plaintiff's Breach of Implied Warranty of Fitness for a Particular Purpose Claim is Insufficiently Pled and Not Susceptible to Cure by Amendment ....................14

Point IV   PLAINTIFF'S INTERFERENCE CLAIMS (COUNTS 6- 9) SHOULD BE DISMISSED BECAUSE NO FACTS SUPORTING THE KEY ELEMETS OF THESE CLAIMS ARE PLED .........................................................................14

A.      The Intentional Interference with Contractual Relations Claim (Count 6) Fails for Failure to Identify any Third-Party Contract or Interference................................14

B.      The Intentional Interference with Prospective Economic Relations Claim (Count 7) Fails Failure to Identify any Prospective Economic Relations with a Third Party or Interference.....................................................................................15

C.      Plaintiff's Claims for Negligent Interference with Contractual Relations (Count 8) and Negligent Interference with Prospective Economic Relations (Count 9) Are Not Recognized Causes of Action under Pennsylvania Law .........15

Point IV   PLAINTIFF'S MISREPRESENTATION-BASED CLAIMS (COUNTS 10-13) SHOULD BE DISMISSED................................................................................16

A.      Plaintiff's Intentional Misrepresentation and Negligent Misrepresentation Claims (Counts 10-11) Should be Dismissed Because they are Insufficiently Pled, Whereby Plaintiff Has Not and Cannot Allege Carvana Had Knowledge of the Mileage Discrepancy or Intended to Mislead Him, and Would Otherwise be Barred by Express Disclaimer Language Regarding Odometer Mileage Readings..............................................................................................................16

        1.      Elements of Intentional and Negligent Misrepresentation.........................17

        2.      Plaintiff's Intentional Misrepresentation Claim (Count 10) Is Incurably Flawed......................................................................................................18

        3.      Plaintiff's Negligent Misrepresentation Claim (Count 11) Is Incurably Flawed......................................................................................................19

B.      Plaintiff's Unfair Business Practices Claim (Count 12) Fails Because He Has Not Alleged an Unfair Trade Practice and Cannot Substantiate this Claim .........20

C.      Plaintiff's Claim for Attempted Wire Fraud (Count 13) Fails Because It Arises under a Criminal Statute and Would Also Fail to State a  Claim under the Nearest Civil Cause of Action ..........................................................................21

CONCLUSION...................................................................................................................22

ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aikens v. Baltimore & O. R. Co.,*
501 A.2d 277 (Pa. Super. Ct. 1985) ................................................................. 15-16

*Amoco Oil Co. v. McMahon,*
1997 WL 50448 (E.D. Pa. Feb. 6, 1997) ..............................................................17

*Aronsohn v. Mandara,*
484 A.2d 675 (N.J. 1984) ........................................................................................8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................................4

*Banks v. Jerome Taylor & Assocs.,*
700 A.2d 1329 (Pa. Super. Ct. 1997) ...................................................................17

*Barrett v. City of Allentown,*
152 F.R.D. 50 (E.D. Pa. 1993) ...............................................................................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................4

*Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC,*
40 A.3d 145 (Pa. Super. Ct. 2012) .......................................................................20

*Berg Chilling Sys., Inc. v. Hull Corp.,*
435 F.3d 455 (3d Cir. 2006) ...................................................................................5

*Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.,*
87 F. App'x 227 (3d Cir. 2003) ............................................................................21

*Bortz v. Noon,*
729 A.2d 555 (Pa. 1999) ................................................................................17, 19

*Breslow v. Gleeson,*
No. 2:21-cv-4703 (E.D. Pa. Oct. 20, 2021) ...........................................................1

*Breslow v. Johnson et al.,*
Case No. 2:21-cv-2936 (E.D. Pa. June 30, 2021) ..................................................1

*Breslow v. Johnson, Tyheed Ramel,*
Case No. 2021-16463 (Pa. Ct. Com. Pl. Aug. 03, 2021) ........................................1

155749.00623/128344404v.1

*Breslow v. Metropolitan Life Ins. Co.*,
    No. 2:20-cv-4896 (E.D. Pa. Oct 5, 2020) ...................................................................1

*Breslow v. Metropolitan Life Ins. Co.*,
    No. 2020-14359 (Pa. Ct. Com. Pl. Sept. 2, 2020) ......................................................1

*Bruck v. Penn. Nat'l Ins. Cos.*,
    672 A.2d 1335 (Pa. Super. Ct. 1996) .......................................................................17

*Burns v. Lavender Hill Herb Farm*,
    2002 U.S. Dist. LEXIS 21826 (E.D. Pa. Oct. 30, 2002) .............................................5

*Coulter v. Unknown Prob. Officer*,
    2013 U.S. Dist. LEXIS 72141 (M.D. Pa. May 22, 2013) .............................................1

*Dean v. Copozza*,
    2013 U.S. Dist. LEXIS 60841 (W.D. Pa. April 10, 2013) ...........................................1

*Dicuio v. Brother Int'l Corp.*,
    2012 U.S. Dist. LEXIS 112047 (D.N.J. Aug. 09, 2012) .............................................12

*Donna A. Breslow v. State Street Corp.*,
    Case No. 20-212, 2020 WL 6504546 (E.D. Pa. Nov. 05, 2020) .................................1

*Donovan v. Bachstadt*,
    453 A.2d 160 (N.J. 1982) .........................................................................................10

*Edwards v. Rice*,
    837 Fed. Appx. 86 (3d. Cir. 2020) .............................................................................2

*EnviroFinance Grp., LLC v. Environmental Barrier Co.*,
    113 A.3d 775 (N.J. Super. Ct. App. Div. 2015) ........................................................ 10

*Estate of Clark ex rel. Clark v. Toronto Dominion Bank*,
    2013 WL 1159014 (E.D. Pa. Mar. 21, 2013) .............................................................7

*Evonik Corp. v. Hercules Group, Inc.*,
    2018 WL 5095991 (D.N.J. Oct. 18, 2018) ...............................................................11

*Ferrari v. Am. Honda Motor Co.*,
    2009 N.J. Super. Unpub. ..........................................................................................14

*Gaines v. Krawczyk*,
    354 F. Supp. 2d 573 (W.D. Pa. 2004) ......................................................................19

*Gibbs v. Ernst*,
    647 A.2d 882 (Pa. 1994) ..........................................................................................17

iv

*Glob. Sourcing LLC v. DBDK Int'l, LLC*,
2018 WL 723098 (E.D. Pa. Feb. 5, 2018) ............................................................7

*Globe Motor Co. v. Igdalev*,
139 A.3d 57 (2016) ...............................................................................8, 10

*Golden v. Cook*,
293 F. Supp. 2d 546 (W.D. Pa. 2003) ...............................................................1

*Grande v. Starbucks Corp.*,
2019 U.S. Dist. LEXIS 56292 (E.D. Pa. Apr. 1, 2019) ..........................................5

*Great Atl. & Pac. Tea Co., Inc. v. Checchio*,
762 A.2d 1057 (N.J. Super. Ct. App. Div. 2000)..................................................9

*Hlista v. Safeguard Props., LLC*,
649 Fed. Appx. 217 (3d. Cir. 2016) ....................................................... 4, 16-17

*Hudak-Bisset v. County of Lackawanna*,
37 Pa. D. & C.5th 159 (Pa. Ct. Com. Pl. Co. 2014)..............................................19

*Incubadora Mexicana, SA de CV v. Zoetis, Inc.*,
310 F.R.D. 166 (E.D. Pa. 2015)........................................................................5

*Jones v. ABN AMRO Mortgage Grp., Inc.*,
551 F. Supp. 2d 400 (E.D. Pa. 2008) ...............................................................12

*Kare Distrib. v. Jam Labels & Cards LLC*,
2012 WL 266386 (D.N.J. Jan. 30, 2012) ..........................................................11

*KBZ Commc'ns Inc. v. CBE Techs. LLC*,
634 F. App'x 908 (3d Cir. 2015) .................................................................. 6-7

*Lederman v. Prudential Life Ins. Co. of Am., Inc.*,
385 N.J. Super. 324, 897 A.2d 373 (N.J. Super. App. Div. 2006)...........................8

*Lee v. Maleski*,
1995 U.S. Dist. LEXIS 29 (E.D. Pa. Jan. 3, 1995) ...............................................5

*Lum v. Bank of Am.*,
361 F.3d 217 (3d Cir. 2004).................................................................. *passim*

*Mala v. Crown Bay Marina, Inc.*,
704 F.3d 239 (3d Cir. 2013).............................................................................5

*Maverick Steel Co. v. Dick Corp./Barton Malow*,
54 A.3d 352 (Pa. Super. Ct. 2012) .............................................................. 14-15

v

*McGuckin v. Allstate Fire & Cas. Ins. Co.*,
  118 F. Supp. 3d 716 (E.D. Pa. 2015) ...................................................................7

*Mollichella v. Bd. of Supervisors W. Brandywine Twp.*,
  2020 U.S. Dist. LEXIS 67239 (E.D. Pa. Apr. 16, 2020) .........................................2

*Morris v. First Union Nat'l Bank*,
  2002 U.S. Dist. LEXIS 418 (E.D. Pa. Jan. 14, 2002) .............................................5

*Nelson v. Nissan N. Am., Inc.*,
  894 F. Supp. 2d 558 (D.N.J. 2012) ....................................................................13

*Onderdonk v. Presbyterian Homes of N.J.*,
  425 A.2d 10571 (N.J. 1981) ............................................................................11

*Pacifico v. Pacifico*,
  920 A.2d 73 (N.J. 2007) ...................................................................................8

*Pacitti v. Macy's*,
  193 F.3d 766 (3d Cir. 1999) ............................................................................17

*Pappalardo v. Combat Sports, Inc.*,
  2011 U.S. Dist. LEXIS 147902 (D.N.J., Dec. 23, 2011) .......................................12

*Richardson v. Brandow Grp.*,
  2003 U.S. Dist. LEXIS 9773 (E.D. Pa. May 16, 2003) ....................................17-18

*Roundhill Condo. Ass'n v. NVR, Inc.*,
  2019 WL 3288103 (E.D. Pa. July 22, 2019) .........................................................6

*Ryan v. Edwards*,
  592 F.2d 756 (4th Cir. 1979) ...........................................................................16

*Salsgiver Communs., Inc. v. Consol. Communs. Holdings*,
  150 A.3d 957 (Pa. Super. Ct. 2016) .................................................................15

*Schmuck v. United States*,
  489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989) ...................................21

*Sheils v. Us*,
  2021 N.J. Super. Unpub. LEXIS 1231 (N.J. Super. Ct. April 26, 2021) ................13

*Sheris v. Nissan N. Am., Inc.*,
  2008 U.S. Dist. LEXIS 43664 (D.N.J. 2008) ......................................................13

*Shuker v. Smith & Nephew, PLC*,
  885 F.3d 760 (3d Cir. 2018) ..............................................................................5

vi

*Smith v. SSA,*
54 F. Supp. 2d 451 (E.D. Pa. 1999) .................................................................5

*Stokes v. Gary Barbera Enters.,*
783 A.2d 296 (Pa. Super. Ct. 2001) ...............................................................20

*Strickland v. Univ. of Scranton,*
700 A.2d 979 (Pa. Super. Ct. 1997) ........................................................ 14-15

*T.I.B.C. Partners, LP v. City of Chester,*
2018 U.S. Dist. LEXIS 14162 (E.D. Pa. Jan. 29, 2018) ...........................4, 21

*T.J. McDermott Transp. Co. v. Cummins, Inc.,*
2015 U.S. Dist. LEXIS 29678 (D.N.J. Mar. 11, 2015) ..................................10

*T.T. Exclusive Cars, Inc. v. Christie's Inc.,*
1996 U.S. Dist. LEXIS 19055 (S.D.N.Y. Dec. 24, 1996) ...............................19

*Taggart v. Saltz,*
855 Fed. Appx. 812, 2021 WL 1191628 (3d Cir. 2021)..................................13

*The Knit With v. Knitting Fever, Inc.,*
2009 WL 3427054 (E.D. Pa. Oct. 20, 2009).................................................. 6-7

*Tripp v. Charlie Falk's Auto Wholesale, Inc.,*
290 F. App'x 622 (4th Cir. 2008) ...................................................................16

*Washington v. Client Network Servs.,*
2016 U.S. Dist. LEXIS 52660 (E.D. Pa. Apr. 20, 2016) ...............................5

*Washington v. Cooper Hosp./Univ. Med. Ctr.,*
2005 U.S. Dist. LEXIS 31062 (D.N.J. Dec. 2, 2005) .....................................12

*Westlake Plastic Co. v. O'Donnell,*
182 F.R.D. 165 (E.D. Pa. 1998)......................................................................21

*Williams v. Stone,*
109 F.3d 890 (3d Cir. 1997)..............................................................................6

*Young v. Wetzel,*
2017 U.S. Dist. LEXIS 140257 (E.D. Pa. Aug. 29, 2017).................................5

**Statutes**

73 P.S. § 201-2(4) ...............................................................................................20

73 P.S. § 201-9.2 .................................................................................................20

18 U.S.C. § 1343.................................................................................................21

49 U.S.C. § 327 .................................................................................................16

49 U.S.C. § 32701(b) ........................................................................................16

49 U.S.C. § 32702(8) ........................................................................................16

49 U.S.C. § 32705(a)(1) ....................................................................................16

49 U.S.C. § 32710 .............................................................................................16

N.J. Stat. § 12A:2-314 .......................................................................................13

N.J.Stat. § 12A:2-315 ........................................................................................14

N.J. Stat. § 12A:2-719 .......................................................................................10

**Other Authorities**

49 C.F.R. § 580.5(c) ..........................................................................................16

FED. R. CIV. P. 12(b)(6) .....................................................................................4

FED. R. CIV. P. 9(b)..............................................................................4, 17, 18

AMERICAN LAWYER MEDIA,
    *Pennsylvania Causes of Action, Tort Causes of Action* § 15 (2020) ......................................16

Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("<u>Carvana</u>" or "<u>Defendant</u>") hereby moves to dismiss Plaintiff Jordan Breslow's ("<u>Breslow</u>" or "<u>Plaintiff</u>") *Complaint for Damages* (the "<u>Complaint</u>") pursuant to Federal Rule 12(b)(6) for failure to state a claim.  As shown, all of Plaintiff's claims are either based on an incomplete contractual agreement that he cancelled; barred by express disclaimers; prohibited by operative legal doctrines; not recognized causes of action; fail to satisfy the applicable pleading standards; or simply do not exist as a basis for civil liability.  All fourteen counts in the Complaint fail as a matter of law; it should thus be dismissed with prejudice.

## I.    PRELIMINARY STATEMENT

Plaintiff (a serial *pro se* litigant)[1] brings this odometer discrepancy lawsuit over a vehicle he never paid for nor received.  Indeed, when Plaintiff was provided updated odometer information during the purchase transaction, he *unilaterally terminated* the vehicle purchase agreement and filed suit; *all before the purchase agreement effective date*.  Plaintiff suffered no damages (indeed did not even complete the transaction), and thus, cannot state a cognizable claim. Moreover, Carvana *expressly disclaims any liability* for odometer discrepancies and reserves the right to update such odometer information at the preliminary stage of the transaction—which it did here well *before* the sale was to be consummated.

All of Plaintiff's claims fail as a matter of law, and the Complaint should be dismissed.

---

[1]   *See, e.g.*, *Breslow v. Metropolitan Life Ins. Co.*, No. 2020-14359 (Pa. Ct. Com. Pl. Sept. 2, 2020) (insurance recovery, removed to E.D. Pa.); *Breslow v. Metropolitan Life Ins. Co.*, No. 2:20-cv-4896 (E.D. Pa. Oct 5, 2020) (dismissed with prejudice pursuant to settlement agreement); *Donna A. Breslow v. State Street Corp.*, Case No. 20-212, 2020 WL 6504546, at *1 (E.D. Pa. Nov. 05, 2020) (dismissed for lack of standing); *Breslow v. Johnson et al.*, Case No. 2:21-cv-2936 (E.D. Pa. June 30, 2021) (dismissed for lack of subject matter jurisdiction); *Breslow v. Johnson, Tyheed Ramel*, Case No. 2021-16463 (Pa. Ct. Com. Pl. Aug. 03, 2021) (pending); *Breslow v. Gleeson*, No. 2:21-cv-4703 (E.D. Pa. Oct. 20, 2021) (pending).
     This Court may take judicial notice of publicly available records, docket sheets, and transcripts from judicial proceedings.  *See, e.g.*, *Golden v. Cook*, 293 F. Supp. 2d 546 (W.D. Pa. 2003); *Coulter v. Unknown Prob. Officer*, 2013 U.S. Dist. LEXIS 72141 (M.D. Pa. May 22, 2013); *Dean v. Copozza*, 2013 U.S. Dist. LEXIS 60841 (W.D. Pa. April 10, 2013).

1

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Attempts a Vehicle Purchase, But Immediately Opts-Out and Sues.

On October 30, 2021, Plaintiff initiated the purchase of a used 2009 Mercedes-Benz SLK-Class convertible (the "Vehicle") from Carvana.  *See* (ECF No. 1 ¶¶ 4-5) ("Compl.").  Plaintiff executed a series of transaction documents (detailed below) with an effective date of November 11, 2022 (the "Effective Date"), including an Odometer Statement which erroneously indicated a mileage of 3,366 miles.  *Id.* ¶ 5.  However, "*during the finalization stage of purchasing*" the Vehicle, Carvana updated the odometer information to reflect the true mileage of 66,181.  *Id.* Upon receiving the updated odometer information, Plaintiff elected to terminate the transaction before taking delivery of the Vehicle, before title was transferred, before the Effective Date of the transaction, and before paying Carvana anything.  *Id.* ¶ 14.

### B.    Material Contractual Provisions.

The parties executed a series of documents in connection with the incomplete purchase/transfer of the Vehicle, including: **(a)** the November 11, 2021, "*Retail Purchase Agreement – New Jersey*," (ECF No. 1 at 27) (the "RPA"); **(b)** the November 11, 2021, *Retail Installment Contract and Security Agreement* (ECF No. 1 at 1) (the "RISC"); **(c)** a November 11, 2021 *CarvanaCare Agreement* (the "CarvanaCare Agreement"); **(d)** the *Odometer Disclosure Statement* (ECF No. 1 at 32) (the "ODS"); and **(e)** the *Carvana Limited Warranty* (the "Limited Warranty") (ECF No. 1 at 19-21) (collectively, the "Transaction Documents").[2]

---

[2]  A written instrument attached to a pleading is considered part thereof and may be considered in deciding a motion to dismiss.  *Edwards v. Rice*, 837 Fed. Appx. 86, 89 (3d. Cir. 2020) ("copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Mollichella v. Bd. of Supervisors W. Brandywine Twp.*, 2020 U.S. Dist. LEXIS 67239, at *5 (E.D. Pa. Apr. 16, 2020) (Younge, J.) (same). All documents discussed herein were attached to the Complaint and relied on in asserting Plaintiff's claims.

2

The *RPA* stipulates that the Vehicle sale transaction was to occur in New Jersey and that the agreement shall be governed by the law of the state in which the *RPA*'s "Dealership Address" sits, which is New Jersey.  (*RPA* p. 1, ECF No. 1 at 27).

### 1.  Odometer Disclaimers.

Included within the Transaction Documents, the *RPA* states: "*Odometer (mileage): Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies.  We each understand that this information is not always accurate.  As permitted by applicable law, **neither of us is responsible for any inaccuracies in this information** to the extent it is not the party's fault.*"  (*RPA* p. 1, ECF No. 1 at 29) (emphasis added).  Moreover, the *RISC* states that: "*[y]ou authorize us to correct any clerical error or omissions in this Contract or in any related document*" which would include any errors in the contemporaneously executed Odometer Statement.  (*RISC* p. 3, ECF No 1. at 3).  Lastly, the *CarvanaCare Agreement* states: "*I understand that the above information [including the Vehicle's mileage] is subject to verification and that . . . the terms of coverage may be modified if any of the above information is incorrect.*"  (*CarvanaCare Agreement* p. 1, ECF No. 1. at 9).

### 2.  Limited Warranties and Disclaimers.

The *RPA* specifies that the *Limited Warranty* "*provides an express limited warranty.  Buyer has a copy of the limited warranty agreement.  No other express or implied warranties are made by [Carvana],*" thus disclaiming any express warranties outside the Limited Warranty.  (*RPA* p. 1, ECF No. 1 at 27) (emphasis added).  The *Limited Warranty* covers only "Breakdowns" of covered parts.  (*Limited Warranty* p.2, ECF No. 1 at 20) (Carvana's obligations under the *Limited Warranty* are limited to repairing or replacing Covered Parts causing a "Breakdown," and rental car reimbursement).  A "Breakdown" is defined as "that event caused by the total failure of any Covered Part to work as it was designed to work in normal service due to defects in material or

3

workmanship[.]" (*Id.* p.1, ECF No. 1 at 19, ¶ 2).  The *Limited Warranty* is only effective on the "*date of purchase*"—*i.e.*, the November 11, 2021, Effective Date.  (*Id.* p.1, ECF No. 1 at 19).

For purposes of the claims here, the Transaction Documents contain explicit waivers of consequential, punitive, incidental, and special damages—including those sought by Plaintiff.[3]

## III.    LEGAL ARGUMENT

Rule 12(b)(6) authorizes dismissal if a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must contain enough facts to state a claim for relief that is "plausible on its face" to withstand a Rule 12(b)(6) motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Carvana is liable for the misconduct alleged."  *Id.* at 678.  Facial plausibility "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation . . . and requires more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,' it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

For claims sounding in fraud, Rule 9(b) requires heightened pleading including allegations which specifically state the circumstances constituting fraud.  *Hlista v. Safeguard Props., LLC*, 649 Fed. Appx. 217, 221 (3d. Cir. 2016).  Fraud based allegations must state the "precise misconduct with which [a defendant is] charged . . . to safeguard defendants against spurious charges of immoral and fraudulent behavior."  *T.I.B.C. Partners, LP v. City of Chester*, 2018 U.S. Dist. LEXIS 14162, at *15 (E.D. Pa. Jan. 29, 2018) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223-224 (3d Cir. 2004)).  To satisfy this standard, a plaintiff must plead the date, time, and place of the

---

[3]  *See Limited Warranty* p. 3, ECF No. 1 at 21, ¶ 4 ("This Limited Warranty does not cover any incidental, consequential, punitive, or other special damages."); *RPA* p. 2, ECF No. 1 at 29 ("Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental, or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages.").

alleged fraud or otherwise inject precision or some measure of substantiation into fraud allegations. *Lum*, 361 F.3d at 224. The who, what, when and where of the alleged fraud must be alleged by facts (not solely conclusions). *Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 177 (E.D. Pa. 2015); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018).

Finally, *pro se* plaintiffs must still plead the essential elements of the claim. *Lee v. Maleski*, 1995 U.S. Dist. LEXIS 29, at *1-2 (E.D. Pa. Jan. 3, 1995) ("Even indulging the greatest lenience in pleading standards, however, the allegations of Lee's [*pro se*] complaint . . . fail to make out any claim."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."); *Burns v. Lavender Hill Herb Farm*, 2002 U.S. Dist. LEXIS 21826, at *14-15 (E.D. Pa. Oct. 30, 2002) (*pro se* plaintiff is not "excuse[d] from conforming to the rules of civil procedure or from pleading the essential elements of [their] claim"); *Smith v. SSA*, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999) (same). Courts have dismissed *pro se* complaints on this basis.[4]

### Point I

### PLAINTIFF'S NON-CONTRACT CLAIMS (COUNTS 7, 8, 9, AND 11) ARE BARRED BY ECONOMIC LOSS AND GIST OF THE ACTION DOCTRINES

#### A.     The Gist of the Action Doctrine Forecloses Tort Claims Sounding in Contract.

Plaintiff's tort claims are governed by the law of the forum state, Pennsylvania.[5] Under Pennsylvania law, the gist of the action doctrine "precludes plaintiffs from recasting ordinary

---

[4]   *See, e.g.*, *Barrett v. City of Allentown*, 152 F.R.D. 50, 54 (E.D. Pa. 1993); *Lee*, 1995 U.S. Dist. LEXIS 29, at *1-2; *Morris v. First Union Nat'l Bank*, 2002 U.S. Dist. LEXIS 418, at *9 (E.D. Pa. Jan. 14, 2002); *Washington v. Client Network Servs.*, 2016 U.S. Dist. LEXIS 52660, at *19 (E.D. Pa. Apr. 20, 2016); *Young v. Wetzel*, 2017 U.S. Dist. LEXIS 140257, at *20-21 (E.D. Pa. Aug. 29, 2017); *Grande v. Starbucks Corp.*, 2019 U.S. Dist. LEXIS 56292, at *5 (E.D. Pa. Apr. 1, 2019).

[5]   The Court need not conduct a conflict-of-law analysis because Pennsylvania law is in accord with the law of Arizona (Carvana's state of incorporation) and New Jersey (the choice-of-law clause state). *See Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006) (where applying laws of both jurisdictions would produce an identical result, court need not engage in a choice-of-law analysis) (citing *Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997)).

breach of contract claims into tort claims"—which is what many of Plaintiff's non-contract claims do here. *Roundhill Condo. Ass'n v. NVR, Inc.*, 2019 WL 3288103, at *6 (E.D. Pa. July 22, 2019).

"Whether the gist of the action doctrine applies in any particular setting is a question of law," and thus, ripe for adjudication at the dismissal stage. *The Knit With v. Knitting Fever, Inc.*, 2009 WL 3427054, at *5 (E.D. Pa. Oct. 20, 2009), *aff'd*, 625 F. App'x 27 (3d Cir. 2015). Courts look to each claim to determine if the "gist" or gravamen of the claim sounds in tort or contract based on the source of the duties allegedly breached. *Id.* If the duty allegedly breached is one that would not exist but-for the contract, the gist of the claim sounds in contract. *Roundhill*, 2019 WL 3288103, at *6. The gist of the action doctrine bars tort claims: "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *KBZ Commc'ns Inc. v. CBE Techs. LLC*, 634 F. App'x 908, 911 (3d Cir. 2015).

Many of Plaintiff's tort claims flow from—and indeed, expressly rely on—what Plaintiff purports to label as a contract between the parties referred to here as the Transaction Documents.[6] Each of these claims are intertwined with, stem from, and/or are grounded in the contract. Indeed, counts 7, 8, 9, and 11 base the action on the alleged contractual obligation to deliver the Vehicle

---

[6]  Plaintiff's intentional interference with prospective economic relations claim (Count 7) argues that Carvana interfered with prospective economic relations he expected to develop with existing clients. Compl. ¶ 19. Though Plaintiff does not allege which conduct by Carvana supposedly hampered transportation, Carvana assumes Plaintiff references the failure to deliver a Vehicle with 3,366 miles under the Transaction Documents. *See id.* ¶ 10 ("a signed *contract* for car in one condition was proffered and ultimately [Carvana] attempted to deliver [it] in another condition") (emphasis added). Plaintiff expressly relies on terms contained in the Transaction Documents, and even cites to an alleged contract in his articulation of his claim. *Id.* Plaintiff's negligent interference with contractual relations claim (Count 8) and negligent interference with prospective economic relations claim (Count 9) both argue Carvana "allowed false odometer readings . . . in connection with the sale or proposed sale of its used vehicles." *Id.* ¶¶ 20, 21. Plaintiff's claim for negligent interference with contractual relations is based on the non-execution of terms contained in the Transaction Documents. Lastly, Plaintiff's negligent misrepresentation claim (count 11) is expressly based on the alleged contract between Plaintiff and Carvana. *Id.* ¶ 23 ("Carvana failed to deliver on guarantees outlined in the sales contract."). Again, Plaintiff cites Carvana's failure to "deliver" on duties expressly created by an alleged contract.

pursuant to, and in accordance with, a contract in a condition and manner satisfactory to Plaintiff. *See supra* n.6.  Thus, the gist of the action doctrine "forecloses [Plaintiff's] pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort." *Knit With*, 2009 WL 3427054, at *4.  All the enumerated torts claims are thus barred by the gist of the action doctrine.  *KBZ*, 634 F. App'x at 911.

Indeed, various courts have dismissed such claims under similar circumstances based on the gist of the action doctrine.  *See, e.g., Glob. Sourcing LLC v. DBDK Int'l, LLC*, 2018 WL 723098, at *2-3 (E.D. Pa. Feb. 5, 2018) (dismissing negligent misrepresentation claim under gist of the action doctrine); *KBZ*, 634 F. App'x at 911 (same).  This Court should do the same.

## B.       The Economic Loss Doctrine Bars Tort Claims That Seek to Recover Damages Flowing from a Contract.

The "economic loss" doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 719 (E.D. Pa. 2015).  "Economic loss has been defined as 'damage for inadequate value, costs of repair and replacement of defective product, [and] consequential loss of property, without any claim of personal injury or damage to other property.'" *Estate of Clark ex rel. Clark v. Toronto Dominion Bank*, 2013 WL 1159014, at *10 (E.D. Pa. Mar. 21, 2013).  If the claim is for "'failed economic expectations,' *i.e.*, expectations that the product would perform in the manner warranted, then tort recovery is inappropriate." *Knit With*, 2009 WL 3427054, at *5.

Here, Plaintiff fails to plead an instance of personal injury or property damage in Counts 7-9 and 11.  Instead, he alleges only lost profit damages, which flow from an alleged breach of contract.[7]  These non-contract claims thus impermissibly seek to recover for economic losses flowing from a contract under tort theories and are therefore barred by the economic loss doctrine.

---

[7]  *See, e.g.,* Compl. ¶¶ 10, 19 (alleging damage to prospective economic relationships as a result of "hampered transportation," assumedly due to non-delivery of the Vehicle as described in the Transaction Documents as Plaintiff alleges elsewhere in the Complaint); *id.* ¶¶ 20-21 ("Plaintiff's contract with Carvana

**Point II**

**PLAINTIFF'S CONTRACT CLAIMS (COUNT 1-3, 14) SHOULD BE DISMISSED**

A.    **Plaintiff's Breach of Contract Claim (Count 1) Should be Dismissed Because There Is No Enforceable Contract, Defendant is Not a Party, Breach is Insufficiently Alleged, and Damages are Insufficiently Alleged.**

"[I]t is a basic rule of contractual interpretation that a court must discern and implement the common intention of the parties." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 65 (2016) (citing *Pacifico v. Pacifico*, 920 A.2d 73 (N.J. 2007)).[8]  Courts ascertain "the intention of the parties to the contract as revealed by the language used" by them. *Id.* at 65 (citing *Lederman v. Prudential Life Ins. Co. of Am., Inc.*, 385 N.J. Super. 324, 339, 897 A.2d 373 (N.J. Super. App. Div. 2006)).

1.    **The Alleged Contract is Not Enforceable Because Carvana is Not a Party to the Agreement, which Never Reached Effective Date; Alternatively, even if an Enforceable Contract Was Formed, Plaintiff Fails to Plead Any Cognizable Breach Thereof.**

Plaintiff's breach of contract claim (Count 1) fails to plausibly establish the existence of an enforceable contract between the parties.  As a threshold issue, the operative Transaction Documents attached to Plaintiff's Complaint reflect on their face that Carvana, Co. (the named defendant) was *not* a signatory to *any* agreement between Plaintiff and Carvana, LLC.[9]  Carvana, Co. cannot be held liable for failure to perform obligations under a supposed contract to which it was not a party. *See Aronsohn v. Mandara*, 484 A.2d 675, 680 (N.J. 1984).

Even if Plaintiff were to amend his Complaint to name the correct party, his breach of contract claims still fails as a matter of law.  As reflected in the Transaction Documents attached

---

[8] Here, the *RPA* expressly states it would be governed by "New Jersey" and "federal law." (ECF No. 1 at 27) (stating the *RPA* "is governed by federal law and the law of the state of the Dealership Address listed above.").  The Dealership Address is a Delanco, New Jersey address. *See id.*

[9] *See, e.g.*, the *RISC* (ECF No. 1 at 1), *RPA* (ECF No. 1 at 27), *Carvana Care* agreement (ECF No. 1 at 9), *Limited Warranty* (ECF No. 1 at 19), and *ODS* (ECF No. 1 at 32) (showing that the Transaction Documents reflect Carvana, LLC as signatory, not Carvana, Co).

has caused damages"); *id.* ¶ 23 (alleging damages based on the allegation that "Carvana failed to deliver on guarantees outlined in the sales contract.").

8

to the Complaint, the Effective Date of the Transaction Documents was November 11, 2022—at least 9 days *after* Plaintiff acknowledges he terminated the agreement.  *See* Compl. ¶ 10; *see also*, *supra*, Material Contract Provisions, p. 2-4.  Thus, based on the plain language of the Transaction Documents, the parties did not bind themselves to *any* contractual obligations prior to November 11, 2021.  *Great Atl. & Pac. Tea Co., Inc. v. Checchio*, 762 A.2d 1057, 1060-61 (N.J. Super. Ct. App. Div. 2000) ("[t]he court will not make a different or better contract than the parties have seen fit to make for themselves.  In the interpretation of a contract the intention of the parties is to be gathered from the language used in the instrument as a whole") (internal citations omitted).  Because Plaintiff terminated the agreement before any of Carvana's contractual obligations became effective, it is impossible for Carvana to have breached those obligations.

Further, the only purported breach alleged by Plaintiff is Carvana providing incorrect odometer information for a limited time prior to the effective date of the Transaction Documents.  Compl. ¶¶ 5, 10.  As a matter of law, however, a temporary odometer discrepancy cannot support Plaintiff's breach of contract claim because the *RPA* (and other Transactions Documents executed by Plaintiff) authorize revisions to odometer information and waive any claims arising therefrom.[10]

For example, the *RPA* provides:

> [E]ach of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. *We each understand that this information is not always accurate.*  As permitted by applicable law, *neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.*

(ECF No. 1 at 29) (emphasis added).

Plaintiff simply cannot now seek to hold Carvana liable for breaching an obligation he expressly agreed Carvana would *not* have in the Transaction Documents.  *Globe Motor Co.*, 139

---

[10] The *RISC* states: "[y]ou authorize us to correct any clerical error or omissions in this Contract or in any related document." (ECF No. 1 at 3).  Moreover, the *CarvanaCare Agreement* further states "I understand that the above information [including the Vehicle's mileage] *is subject to verification* . . . or the terms of coverage may be modified if any of the above information is incorrect."  (*Id.* at 9) (emphasis added).

A.3d at 65 (intent of the contracting parties should be gleaned from the language of the contract itself).

### 2.    Plaintiff Has Not Pled any Plausible Theory of Recoverable Damages.

Plaintiff's breach of contract claim independently fails for the additional reason that he fails to plead recoverable damages. *EnviroFinance Grp., LLC v. Environmental Barrier Co.*, 113 A.3d 775, 787 (N.J. Super. Ct. App. Div. 2015) (damages are an essential element of a breach of contract claim.). Plaintiff alleges, in conclusory fashion, that he suffered "compensatory, consequential, incidental, and other damages." Compl. ¶ 11. Plaintiff's assertion of "compensatory" damages is precluded by his admission that he never paid any money for the Vehicle.[11]  *Id.* ¶ 23 (stating "no funds actually changed hands"). And his request for "consequential, incidental, and other damages" is barred by the express consequential damages waiver in the Transaction Documents.[12]  *See T.J. McDermott Transp. Co. v. Cummins, Inc.*, 2015 U.S. Dist. LEXIS 29678, at *22 (D.N.J. Mar. 11, 2015) (permitting parties to exclude incidental and consequential damages); N.J. Stat. § 12A:2-719.

### B.    Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count 2) Should be Dismissed Because It is Insufficiently Pled, and there is Either no Contract for which an Implied Covenant Would Exist or the Claim is Barred by Contract.

Plaintiff's tag-along claim for breach of the implied covenant of good faith and fair dealing (Count 2) is insufficiently pled and cannot otherwise survive as a matter of law.

---

[11]  *Donovan v. Bachstadt*, 453 A.2d 160, 166 (N.J. 1982) (recognizing when seeking compensatory damages, "the purchaser will usually be entitled to the return of the amount paid on the purchase price with interest thereon.").

[12]  The *Limited Warranty* states: "This Limited Warranty does not cover any incidental, consequential, punitive, or other special damages." (ECF No. 1 at 21, ¶ 4). The *RPA* states: "Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental, or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages." (ECF No. 1 at 29).

155749.00623/128344404v.1

Under New Jersey law, "[t]here is an implied covenant of good faith in every contract pursuant to which neither party shall do anything that will destroy or injure the right of the other party to receive the fruits of the contract." *Onderdonk v. Presbyterian Homes of N.J.*, 425 A.2d 10571 (N.J. 1981). To state a claim, Plaintiff must plead facts establishing Carvana acted with bad faith or malicious motive to deny him some benefit of the bargain between the parties. *Evonik Corp. v. Hercules Group, Inc.*, 2018 WL 5095991, at *25 (D.N.J. Oct. 18, 2018). Relevant here, a plaintiff cannot maintain a claim for breach of the implied covenant to the extent his claim arises out of the same conduct underlying an alleged breach of contract claim. *Id.* at *25-26. (quoting *Kare Distrib. v. Jam Labels & Cards LLC*, 2012 WL 266386, at *7 (D.N.J. Jan. 30, 2012)).

Here, Plaintiff has not pled any facts to support the inference that Carvana denied him any benefit of their bargain (had one been consummated). He does not identify what "benefit of the bargain" he was denied nor what conduct by Carvana denied him said benefit. Plaintiff does not offer a single fact to plausibly establish *how* Carvana allegedly breached the implied covenant of good faith and fair dealing. Additionally, Plaintiff has not pled, as he must, that Carvana acted with bad faith or malicious motive. *Evonik Corp*, 2018 WL 5095991, at *25. Rather, Plaintiff's implied covenant claim is wholly duplicative of his breach of contract claim, and for that reason must be dismissed. *See id.* at *25–26.

## C.    Plaintiff's Breach of Express Warranty Claim (Count 3) Should be Dismissed Because It is Insufficiently Pled, Barred by the Express Language of the Transaction Documents, And Duplicative of Plaintiff's Breach of Contract Claim.[13]

Plaintiff's claim for breach of express warranty (Count 3) is insufficiently pled and barred by the express language of Transaction Documents.

---

[13] The express warranty claim also fails for the same reasons as Count 1—*i.e.*, Carvana, LLC is not a party to any warranty and there can be no reliance on any warranty as the Vehicle sale transaction never became effective. *See* Sec. II.A.1-2, *supra*.

155749.00623/128344404v.1

To state a claim for breach of express warranty under New Jersey law, Plaintiff must allege, among other things, that Carvana made an affirmation or promise about the Vehicle. *Pappalardo v. Combat Sports, Inc.*, 2011 U.S. Dist. LEXIS 147902, at \*18 (D.N.J., Dec. 23, 2011). Express warranties can be disclaimed so long as such disclaimers are clear and conspicuous. *Dicuio v. Brother Int'l Corp.*, 2012 U.S. Dist. LEXIS 112047, at \*30-31 (D.N.J. Aug. 09, 2012). Courts have held bold font together with prominent placement on the page renders a disclaimer clear and conspicuous. *Washington v. Cooper Hosp./Univ. Med. Ctr.*, 2005 U.S. Dist. LEXIS 31062, at \*33 (D.N.J. Dec. 2, 2005) (prominently placed disclaimer in bold type was clear and conspicuous).

Plaintiff alleges Carvana breached an express warranty "by failing to provide the quality vehicle as described in the Sales Agreement." But Plaintiff fails to identify any specific express warranty upon which his claim rests. Compl. ¶ 13. This absence alone is fatal to Plaintiff's claim.

Further, the *RPA* expressly disclaims any warranties not reflected in the *Limited Warranty*—doing so in bold type near the center of the page. (ECF No.1 at 27) ("Dealership provides an express limited warranty. Buyer has a copy of the limited warranty agreement. *No other express or implied warranties are made by the Dealership*") (emphasis added); *Washington*, 2005 U.S. Dist. LEXIS 31062, at \*33; *Palladino*, 2016 N.J. Super. Unpub. LEXIS 986, at \*2. The *Limited Warranty* does not cover an alleged mileage discrepancy, and instead covers only "Breakdowns" of covered parts. (ECF No. 1 at 20). Thus, any purported warranty regarding the Vehicle's mileage was disclaimed and cannot support Plaintiff's breach of express warranty claim.

### D. Plaintiff's Claim for Declaratory Relief (Count 14) Fails Because It is a Remedy, not a Claim, Does not Identify the Source of his "Right" to Purchase Vehicles from Carvana, and Improperly Seeks to Adjudicate Past Conduct.

Plaintiff purports to allege a cause of action for declaratory relief (Count 14), but declaratory relief *is a remedy*, not a claim. *Jones v. ABN AMRO Mortgage Grp., Inc.*, 551 F. Supp. 2d 400, 406 (E.D. Pa. 2008). This alone is sufficient to grant dismissal.

12

Additionally, it is undisputed that Plaintiff terminated the parties' agreement, rendering declaratory relief unnecessary.  Indeed, "[a] declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm." *Taggart v. Saltz*, 855 Fed. Appx. 812, 2021 WL 1191628, at *2 (3d Cir. 2021) (*per curiam*).   In any event, Plaintiff's request for a declaration that the temporary odometer discrepancy breached the Transaction Documents fails as a matter of law for the reasons cited *supra*.

## Point III

## PLAINTIFF'S BREACH OF IMPLIED<br>WARRANTY CLAIMS (COUNTS 4-5) SHOULD BE DISMISSED

### A.   Implied Merchantability Claims Should be Dismissed Because Plaintiff Has Not Pled That the Vehicle Cannot Be Used for its Ordinary Purpose.

To state a claim for a breach of implied warranty of merchantability, Plaintiff must allege the Vehicle was unmerchantable—as defined by N.J. Stat. § 12A:2-314.  *See, e.g., Sheils v. Us*, 2021 N.J. Super. Unpub. LEXIS 1231, at *17 (N.J. Super. Ct. April 26, 2021).  Plaintiff alleges the temporary mileage discrepancy rendered the Vehicle unmerchantable by making it unfit for the ordinary purpose for which goods of its kind are used.  Compl. ¶¶ 14-15.  This is incorrect.

The ordinary purpose of a vehicle is transportation, *Sheils*, 2021 N.J. Super. Unpub. LEXIS 1231, at *17, and, as applied to vehicles, the implied warranty of merchantability guarantees only that they will operate in a safe condition, substantially free of defects.  *Nelson v. Nissan N. Am., Inc.*, 894 F. Supp. 2d 558, 567 (D.N.J. 2012); *Sheris v. Nissan N. Am., Inc.*, 2008 U.S. Dist. LEXIS 43664, at *16 (D.N.J. 2008).  A vehicle need not be exactly as a buyer expected to be merchantable. *Id.* at 566.  Plaintiff has not alleged that the temporary mileage discrepancy impacted the ability of a Vehicle to provide safe transportation, and thus, his implied merchantability claim fails.

**B.     Plaintiff's Breach of Implied Warranty of Fitness for a Particular Purpose Claim is Insufficiently Pled and Not Susceptible to Cure by Amendment.**

To state a claim for a breach of the implied warranty of fitness for a particular purpose under New Jersey law, a plaintiff must allege the seller of the good at issue knew, or had reason to know, of a particular purpose for which the buyer required the good at the time of sale. *Ferrari v. Am. Honda Motor Co.*, 2009 N.J. Super. Unpub. LEXIS 346, at *9 (N.J. Super. Ct. App. Div. Jan. 30, 2009) (citing N.J.S.A. 12A:2-315). Plaintiff alleges Carvana breached this implied warranty because he desired a vehicle with low mileage "due to the geographical climate of [*sic*] area and the distance of sales calls, they were intended to be used." Compl. ¶ 17. The use, however, of a vehicle for transportation in furtherance of a business purpose does *not* constitute a particular purpose, as transportation is what most consumers hope to gain when buying a passenger vehicle. *Id.* at *9-10 (declining to find plaintiff had identified a particular purpose where he intended to use a vehicle for transportation for personal means and in furtherance of his business as a sports consultant and basketball general manager). Further, a vehicle is not rendered unfit to provide business transportation merely because it has previously been driven approximately 66,000 miles.

### Point IV

### PLAINTIFF'S INTERFERENCE CLAIMS (COUNTS 6- 9) SHOULD BE DISMISSED BECAUSE NO FACTS SUPPORTING THE KEY ELEMENTS OF THESE CLAIMS ARE PLED

**A.     The Intentional Interference with Contractual Relations Claim (Count 6) Fails for Failure to Identify any Third-Party Contract or Interference.**

To state a claim for tortious interference with an existing contractual relationship, Plaintiff must allege Carvana's conduct was *purposeful* and *specifically intended* to harm an *existing contract or contract relationship* between Plaintiff and a third party. *See Maverick Steel Co. v. Dick Corp./Barton Malow*, 54 A.3d 352, 355 (Pa. Super. Ct. 2012) (citations omitted). A party cannot tortiously interfere with a contract to which it is itself a party. *Strickland v. Univ. of Scranton*, 700 A.2d 979, 985 (Pa. Super. Ct. 1997).

14

Here, Plaintiff alleges only that Carvana interfered with the Transaction Documents, and does not allege, as he must, that Carvana interfered with Plaintiff's contract with a third party. Compl. ¶ 18.  Thus, Plaintiff's interference with contract claim fails.  *Strickland*, 700 A.2d at 985.

**B.      The Intentional Interference with Prospective Economic Relations Claim (Count 7) Fails Failure to Identify any Prospective Economic Relations with a Third Party or Interference.**

To state a claim for the related theory of tortious interference with a *prospective* economic relationship or business relations, Plaintiff must allege Carvana's conduct was purposeful, and was specifically intended to prevent a prospective contract or business relationship from occurring between Plaintiff and a third party.  *Maverick Steel Co.*, 54 A.3d at 355; *Salsgiver Communs., Inc. v. Consol. Communs. Holdings*, 150 A.3d 957, 964 (Pa. Super. Ct. 2016).  Plaintiff alleges only that Carvana interfered with his prospective economic relationships with "existing clients" by "hampering transportation."  Compl. ¶ 19.  But Plaintiff fails to include necessary allegations showing Carvana knew of Plaintiff's clients and acted with a purpose to interfere with those clients. Consequently, Plaintiff's Claim 7 is insufficiently pled and should be dismissed.

**C.      Plaintiff's Claims for Negligent Interference with Contractual Relations (Count 8) and Negligent Interference with Prospective Economic Relations (Count 9) Are Not Recognized Causes of Action under Pennsylvania Law.**

Plaintiff's negligent interference with contractual relations claim (Count 8) is not recognizable under Pennsylvania law as presented, and, accordingly, must be dismissed.

"Recovery for purely economic loss occasioned by tortious interference with contract or economic advantage is not available under a negligence theory."  *Aikens v. Baltimore & O. R. Co.*, 501 A.2d 277, 278 (Pa. Super. Ct. 1985) (no recognized cause of action for negligent interference with contract resulting in only economic loss).  Further, there can be no liability for non-physical harm if that harm results from the actor's negligent interference with another's performance with a contract.  *Id.*  As a result, this cause of action is not recognized under Pennsylvania law and should be dismissed.

15

Plaintiff's claim for negligent interference with prospective economic relations (Count 9) is similarly not a recognized cause of action in Pennsylvania.  *See* AMERICAN LAWYER MEDIA, *Pennsylvania Causes of Action, Tort Causes of Action* § 15 (2020) ("negligent interference with prospective economic relations" not listed as tort cause of action); *Aikens* 501 A.2d at 278 (stating there can be no liability to another for non-physical harm if that harm results from the actor's negligent interference with another's acquisition of contractual relations with a third party).

Even if Counts 9 and 10 were cognizable tort claims (they are not), they are nonetheless barred under the above gist of the action and/or economic loss doctrine(s).  *See* Sec. I.A-B, *supra*.

### Point IV

### PLAINTIFF'S MISREPRESENTATION-BASED CLAIMS (COUNTS 10-13) SHOULD BE DISMISSED[14]

A.    **Plaintiff's Intentional Misrepresentation and Negligent Misrepresentation Claims (Counts 10-11) Should be Dismissed Because they are Insufficiently Pled, Whereby Plaintiff Has Not and Cannot Allege Carvana Had Knowledge of the Mileage Discrepancy or Intended to Mislead Him, and Would Otherwise be Barred by Express Disclaimer Language Regarding Odometer Mileage Readings.**

---

[14] The "Jurisdiction" section of Plaintiff's Complaint also references the "[f]ederal odometer statutes," and cites 49 U.S.C. § 327. Compl. ¶ 8.  It is well settled that the Federal Odometer Act ("FOA") "requires that persons transferring ownership of a motor vehicle must disclose to the transferee, in writing, the 'cumulative mileage registered on the odometer.'"  *Tripp v. Charlie Falk's Auto Wholesale, Inc.*, 290 F. App'x 622, 630 (4th Cir. 2008) (citing 49 U.S.C. § 32705(a)(1)(A)).  The purpose behind the FOA is to "'prohibit tampering with motor vehicle odometers' and to 'provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers.'"  *Id.* (citing 49 U.S.C. § 32701(b)).  "However, it is important to note that *FOA's disclosure provisions are not implicated until ownership of the vehicle is transferred*."  *Id.* (citing 49 U.S.C. § 32705(a)(1); 49 C.F.R. § 580.5(c)) (emphasis added).  "FOA defines 'transfer' to mean 'to change ownership by sale, gift, or any other means.'"  *Id.* (citing 49 U.S.C. § 32702(8)).  Courts have further recognized that "[c]ivil liability arises under FOA *only if a person violating the Act did so with 'intent to defraud.'"  Tripp*, 290 F. App'x at 630 (citing 49 U.S.C. § 32710; *Ryan v. Edwards*, 592 F.2d 756, 760, 761 (4th Cir. 1979)) (emphasis added).  Plaintiff is therefore again subject to the heightened Rule 9(b) pleading standard, which he fails to meet here.  *Hlista*, 649 Fed. Appx. at 221; *Lum v*, 361 F.3d at 223-224.  To the extent Plaintiff attempts to impose any liability under Sec. 327, this statute does not apply because the Vehicle was not "transferred" to Plaintiff.  Even if the statute did apply (which it does not), Plaintiff has separately failed to state a claim under the heightened Rule 9(b) standard applicable to FOA claims.

1.    __Elements of Intentional and Negligent Misrepresentation.__

As this Court has observed, "[f]raudulent and negligent misrepresentation claims require a plaintiff to demonstrate that a defendant made a false representation or ignored a duty to disclose some truth and that the plaintiff suffered injury as a proximate result of his or her justifiable reliance on that misrepresentation.  Under Pennsylvania law, fraudulent misrepresentation requires that a plaintiff establish the following elements: '(1) a misrepresentation, (2) a fraudulent utterance, (3) an intention to induce action on the part of the recipient, (4) a justifiable reliance by the recipient on the misrepresentation, and (5) damage to the recipient as a proximate result.'"  *Richardson v. Brandow Grp.*, 2003 U.S. Dist. LEXIS 9773, at *11-12 (E.D. Pa. May 16, 2003) (citing *Pacitti v. Macy's*, 193 F.3d 766, 778 (3d Cir. 1999); *Banks v. Jerome Taylor & Assocs.*, 700 A.2d 1329, 1333 (Pa. Super. Ct. 1997)).  Because Plaintiff's intentional misrepresentation claim sounds in fraud,[15] Plaintiff is further subject to the heightened "particularly" pleading standard set forth in Fed. R. Civ. P. 9(b) and discussed above.  *Hlista*, 649 Fed. Appx. at 221; *see also* Sec. III, *supra*.

"Similarly, negligent misrepresentation requires proof of: '(1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.'"  *Id.* (citing *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999)).  "The concealment of a material fact can amount to culpable misrepresentation, no less than an intentionally false statement."  *Id.* (citing *Amoco Oil Co. v. McMahon*, 1997 WL 50448, *6 n.16 (E.D. Pa. Feb. 6, 1997); *Bruck v. Penn. Nat'l Ins. Cos.*, 672 A.2d 1335 (Pa. Super. Ct. 1996), *appeal granted in part,* 685 A.2d 1390 (Pa. 1996)) (internal quotations omitted).

---

[15]  In Pennsylvania, intentional misrepresentation and "fraud" are synonymous.  *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994) (treating "intentional misrepresentation" and "fraud" as the same claim containing the following elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.").

17

### 2. Plaintiff's Intentional Misrepresentation Claim (Count 10) Is Incurably Flawed.

Plaintiff's intentional misrepresentation claim is premised on purported "representations in the [Transaction Documents]" for which he was "unaware of their falsity and believed them to be true." Compl. ¶ 22. But the temporary mileage discrepancy cannot support an intentional misrepresentation claim for numerous reasons.

*First*, Plaintiff fails to allege Carvana had knowledge of the mileage discrepancy when the Transaction Documents were presented. In fact, Plaintiff's own allegations belie this assumption because he concedes that once the discrepancy was discovered, it was *Carvana* that updated the online posting of the Vehicle to reflect the new mileage days *before* the Effective Date of the sale. *See* ECF No. 1 at 46-49; Compl. ¶¶ 5, 10 (acknowledging the parties were still in the "finalization stages" of the purchasing process when Plaintiff "cancel[led] the order").

*Second*, Plaintiff alleges his reliance on the mileage identified in the Transaction Documents was "justified because it was not uncommon for vehicle dealers to purchase vehicles from distant locations and to rely on their Mechanical Reports instead of physical inspection when purchasing their vehicles," which is both speculative and a *non-sequitur*. Compl. ¶ 22. If Plaintiff was aware that Carvana and other vehicle dealers must rely on reports from third parties regarding mileage, then it would *not* be justifiable to assume the accuracy of said report until the Vehicle was in the physical possession of the seller or the purchaser—neither of which happened because Plaintiff cancelled the order.

*Third*, even if Plaintiff had relied on the contract, as he claims, the Transaction Documents undercut any expectation this reliance was "justifiable" before consummation because Plaintiff agreed Carvana was not "responsible for any inaccuracies in this information." (ECF No. 1 at 29); *Richardson*, 2003 U.S. Dist. LEXIS 9773, at *13 ("Where a disclaimer specifically states a fact completely antithetical to the claimed misrepresentation, the language of the disclaimer negates

18

allegations of fraud."); *see also T.T. Exclusive Cars, Inc. v. Christie's Inc.*, 1996 U.S. Dist. LEXIS 19055, *7 (S.D.N.Y. Dec. 24, 1996) (granting motion to dismiss intentional misrepresentation claim against auction house that allegedly represented accuracy of an inaccurate odometer reading because claim was precluded by a specific disclaimer in the auction catalogue).

*Fourth*, Plaintiff has failed to properly plead any damages "as a proximate result" of this supposed "misrepresentation."[16]  Plaintiff asserts he "was forced to expend additional money to find alternative transportation and lost sales," and was "unable to fulfill obligations made to his clients" along with "other injury and damage," but does *not* plead any facts (including the who, what, and when of such damages) to support his assertions.  Compl. ¶ 22.  Further, "lost sales" are not possibly the "proximate result" of Carvana updating the mileage reported on the Vehicle. Indeed, it was Plaintiff's decision—not Carvana's—to cancel the sale and not accept the Vehicle.

### 3.    Plaintiff's Negligent Misrepresentation Claim (Count 11) Is Incurably Flawed.

The duplicative claim for "negligent misrepresentation" fails for many of the same reasons as the intentional misrepresentation claim, which arguments, *supra*, are incorporated by reference.

Plaintiff's negligent misrepresentation claim fails for the additional reason Plaintiff has not alleged facts showing that Carvana failed to make a reasonable investigation of the truth of its initial mileage disclosure.  *See Bortz*, 729 A.2d at 561.  On the contrary, Plaintiff's own allegations undercut any sense Carvana should have known of the inaccuracy of the odometer mileage reading. Compl. ¶ 22 (conceding it is "not uncommon for vehicle dealers to purchase vehicles form distant locations and rely on their Mechanical Reports instead of a physical inspection[.]").  Plaintiff's

---

[16] "'Proximate' causation is . . . [the] natural and continuous sequence . . . without which the [injury] would not have occurred."  *See Hudak-Bisset v. County of Lackawanna*, 37 Pa. D. & C.5th 159, 166 (Pa. Ct. Com. Pl. Co. 2014).  Proximate causation in a fraud or misrepresentation case may be decided as a matter of law on a motion to dismiss.  *See, e.g.*, *Gaines v. Krawczyk*, 354 F. Supp. 2d 573, 575 (W.D. Pa. 2004) (dismissing fraud claim where plaintiff failed to sufficiently allege proximate cause).

19

negligent misrepresentation claim is further barred by the disclaimer language of the *RPA*, *Limited Warranty*, *ODS*, and other Transaction Documents.[17]

### B.   Plaintiff's Unfair Business Practices Claim (Count 12) Fails Because He Has Not Alleged an Unfair Trade Practice and Cannot Substantiate this Claim.

Plaintiff's unfair trade practices consumer protection law ("UTPCLP") claim (Count 12) consists of a single sentence untethered to *any* factual allegations or specifics of any kind.  Compl. ¶ 24.  Assuming the UTPCPL even applies (which it does not[18]), this claim fails because Plaintiff has not alleged facts that would constitute an "unfair trade practice" under the UTPCPL.

Plaintiff fails to allege a single fact under Count 13, instead declaring unspecified harm from unspecified "wrongful" conduct under the UTPCPL, *see* Compl. ¶ 24, without identifying any of the twenty enumerated practices actionable thereunder.  *Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012) (observing that the UTPCPL lists twenty enumerated practices, which constitute actionable 'unfair methods of competition' or 'unfair or deceptive acts or practices.'") (citing 73 P.S. § 201-2(4)).  Such allegations do not rise to the level of an unfair trade practice in the context of used car sales required for UTPCPL liability. *Cf. Stokes v. Gary Barbera Enters.*, 783 A.2d 296, 298 (Pa. Super. Ct. 2001) (affirming trial court ruling imposing liability under the UTPCPL where dealership repeatedly and affirmatively represented that a van was "new" when it was actually "used" based on: (i) the admission of appellees' service manager that the van had been used and returned; (ii) the alteration of the financial document; and (iii) the fact that the odometer was not working when purchased).

---

[17]  *See supra,* Material Contract Provisions, p.2-4.

[18]   As a threshold matter, the UTPCPL only applies to "[a]ny person *who purchases* or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use . . . by any person of a method, act or practice declared unlawful by section 3 of this act."  73 P.S. § 201-9.2 (emphasis added).  Here, it is undisputed Plaintiff unilaterally cancelled the order to purchase the Vehicle *before* the Effective Date and never paid nor took possession of the Vehicle.  Thus, as alleged, Plaintiff's claims cannot fall under the UTPCPL.

**C.     Plaintiff's Claim for Attempted Wire Fraud (Count 13) Fails Because It Arises under a Criminal Statute and Would Also Fail to State a Claim under the Nearest Civil Cause of Action.**

Plaintiff's contention that Carvana is liable for wire fraud under 18 U.S.C. § 1343 fails because Sec. 1343 is a federal *criminal* wire fraud statute without a private cause of action. *See* 18 U.S.C. § 1343. Nor has Plaintiff pled a cause of action for *civil* wife fraud. Wire fraud requires: "(1) a scheme to defraud, (2) use of the mail or interstate wires to further that scheme, and (3) fraudulent intent." *T.I.B.C. Partners, LP*, 2018 U.S. Dist. LEXIS 14162, at *13 (citing *Bonavitacola Elec. Contractor, Inc. v. Boro Developers, Inc.*, 87 F. App'x 227, 231 (3d Cir. 2003)). As with other variations of fraud, to plead an instance of wire fraud, Plaintiff must allege specific intent to commit fraud and must alleged facts with particularity. *Westlake Plastic Co. v. O'Donnell*, 182 F.R.D. 165, 169 (E.D. Pa. 1998). This Plaintiff has not done and cannot do.

Plaintiff supplies nothing more than legal conclusions about how Carvana "voluntarily and intentionally devised and participated in a scheme to defraud . . . by misrepresenting the condition of Carvana vehicles being sold . . . . with an intent to defraud." Compl. ¶ 25. This Count also generically references unspecified "odometer readings" that were then made through "various Carvana agents and websites." *Id.* Plaintiff has thus failed to allege a misrepresentation *intended to deceive. Cf. Schmuck v. United States*, 489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989) (fraudulent scheme involving mail fraud was clearly alleged where used-car distributor was charged with multiple counts of mail fraud and the indictment alleged, among other facts, that he purchased used cars and intentionally rolled back odometers on 150 different cars). These vague allegations do not provide Carvana with notice of the precise misconduct alleged, nor inject any precision (or some measure of substantiation) into Plaintiff's wire fraud allegation. *Lum*, 361 F.3d at 224. Nor does Plaintiff allege an ongoing "scheme to defraud" apart from his own, one-off alleged experience—which itself does not constitute fraud. *Cf. Schmuck*, 489 U.S. at 711

("Schmuck's was not a 'one-shot' operation in which he sold a single car to an isolated dealer. His was an ongoing fraudulent venture.").  No iteration of this Count 13 can survive.

## CONCLUSION

For the reasons stated, Plaintiff's entire Complaint should be dismissed with prejudice.

Respectfully submitted,

DATED: February 25, 2022

**BLANK ROME LLP**
*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Erin K. Fountaine, hereby certify that on February 25, 2022, a copy of the foregoing Memorandum of Law in in Support of Motion to Dismiss for Failure to State a Claim was filed electronically with the Electronic Court Filing (CM/ECF) system of the U.S. District Court of the Eastern District of Pennsylvania and was served upon Plaintiff via First Class Mail and electronic mail.

Jordan Tyler Breslow
314 S. Henderson Rd, Unit G103
King of Prussia, Pennsylvania 19406
Jordanbreslow93@gmail.com
*Pro se Plaintiff*

*/s/ Erin K. Fountaine*
Erin K. Fountaine

155749.00623/128344404v.1