Breslow v. Carvana Co.

No. 2:21-CV-04915

1) I, Jordan Breslow, consent to a stay. A billion company and a big law firm have the resources to proceed in a timely manner.

2) The Motion to Dismiss is without merit.

3) While I'm proceeding PRO SE, I would not agree with Carvana's arguments

Please my attached margins notes

Respectfully Submitted,

*[signature]*

3/24/2022

Case 2:21-cv-04915-JMY  Document 17  Filed 03/23/22  Page 1 of 2
## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN TYLER BRESLOW (Pro se),<br><br>           Plaintiff,<br>v.<br><br>CARVANA CO.,<br><br>           Defendant. | CIVIL ACTION<br><br>No. 2:21-cv-04915<br><br>Judge John Milton Younge |

### DEFENDANT CARVANA, LLC'S MOTION
### TO GRANT MOTION TO DISMISS AS UNCONTESTED

Pursuant to Local Rule of Civil Procedure 7.1(c) and Federal Rule of Civil Procedure 41, Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana"), through its attorneys, Blank Rome LLP, respectfully moves this Court for an order deeming its *Motion to Dismiss for Failure to State a Claim*, (ECF No. 15), as uncontested; granting the Motion to Dismiss; and dismissing Plaintiff Jordan Tyler Breslow's Complaint, (ECF No. 1), with prejudice.

In support thereof, Carvana submits the accompanying memorandum of law, which is incorporated by reference, and a proposed Order.

Respectfully submitted,

**BLANK ROME LLP**

Date: March 23, 2022

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square, 130 North 18th Street
Tel: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
Email: erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana, LLC*

## CERTIFICATE OF SERVICE

I, Erin K. Fountaine, hereby certify that on March 23, 2022, a copy of the foregoing *Motion to Grant Motion to Dismiss as Uncontested* was filed electronically with the Electronic Court Filing (CM/ECF) system of the U.S. District Court of the Eastern District of Pennsylvania and was served upon Plaintiff via First Class Mail and electronic mail.

Jordan Tyler Breslow
314 S. Henderson Rd, Unit G103
King of Prussia, Pennsylvania 19406
Jordanbreslow93@gmail.com
*Pro se Plaintiff*

*/s/ Erin K. Fountaine*
Erin K. Fountaine

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRESLOW, <br><br> Plaintiff, <br><br> vs. <br><br> CARVANA CO., <br><br> Defendant. | Case No. 2:21-cv-04915-JMY <br><br> Judge John Milton Younge |

**DEFENDANT CARVANA, LLC'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO GRANT MOTION TO DISMISS AS UNCONTESTED**

[handwritten annotation: called Carvana Co. by NYSE ticker]

Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana" or "Defendant") submits this Memorandum of Law in Support of Its Motion to Grant its Motion to Dismiss for Failure to State a Claim (ECF No. 15) (the "Motion to Dismiss") as uncontested.

**I. INTRODUCTION**

On November 2, 2021, Plaintiff Jordan Tyler Breslow ("Plaintiff")—a putative used vehicle purchaser that cancelled his purchase before ever receiving the vehicle or paying for the same—commenced this action against Carvana. (ECF No. 1 at 50-59.) Due to repeated service deficiencies (and Plaintiff's erroneous attempts to default Carvana), this case was delayed by several months.[1] On February 25, 2022, Carvana timely filed its Motion to Dismiss under Rule 12(b) on several grounds. (ECF No. 15.) Critically, Carvana's Motion to Dismiss identified numerous, incurable, legal deficiencies as to each of Plaintiff's fourteen causes of action. *See id.*

Plaintiff's deadline to file a Response to the Motion to Dismiss was March 11, 2022, and his deadline to amend the Complaint as a matter of right was March 18, 2022. *See* L.R. 7.1(c)

[handwritten annotation: I'm awaiting his Honor's ruling before amending.]

---

[1] On January 13, 2022, the parties jointly stipulated to Carvana's acceptance of Plaintiff's service of process via mail and set forth Carvana's date to respond to the Complaint as February 25, 2022. *See* ECF No. 10.

1

(establishing fourteen (14) day response deadline); *see also* FED. R. CIV. P. 15(a)(1)(B) (establishing twenty-one (21) day amendment deadline after service of a Rule 12(b) motion). Those deadlines have passed, and Plaintiff neither filed a Response nor sought to amend his Complaint. Accordingly, Carvana's Motion to Dismiss should be granted as uncontested and this case dismissed.

## II. ARGUMENT

There is "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Chartener v. Providential Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This discretionary power is broad. *Id.* In addition to this inherent power, Rule 7.1(c) of the Local Rules authorize the granting of uncontested motions:

> Unless the Court directs otherwise, any party opposing the motion ***shall*** serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. ***In the absence of timely response, the motion may be granted as uncontested*** except as provided under Fed.R.Civ.P 56.

*See* E.D. Pa. L.R. 7.1(c) (emphasis added).

On November 2, 2021—the same day he filed his Complaint—Plaintiff was provided with this Court's NOTICE OF GUIDELINES FOR REPRESENTING YOURSELF (APPEARING "PRO SE") IN FEDERAL COURT (the "*Pro Se* Guidelines"). (ECF No. 2) The *Pro Se* Guidelines were also mailed to Plaintiff's identified address a week later on November 9, 2021. Notably, the *Pro Se* Guidelines remind Plaintiff the Federal Rules apply to his case, and further, call out Local Rule 7.1 and the timing associated with filing a "proper response" to a motion:

> **Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Pennsylvania's Local Rules of Civil Procedure, which you can find on the Court's website. ***One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned***

2

> *to your case directs otherwise.* If you need more time to respond to a motion or comply with a deadline, you must file a motion for an extension of time. If your case is transferred to another district, the local rules in that district will apply to your case.

ECF No. 2 at 4 (emphasis added). Unlike other *pro se* individuals, Plaintiff is an experienced litigant who has had several cases in state/federal court—including in this Court.[2] He is (or should be) well aware of the importance of Court deadlines and the penalties for ignoring them.

Plaintiff unquestionably failed to "serve a brief in opposition" within fourteen days of the filing and service of Defendant's Motion to Dismiss. (ECF No. 15; ECF No 15-1.) In fact, Plaintiff has *still* not filed a Response over a week-and-a-half after his 14-day deadline expired. Thus, in the absence of a "timely response," this motion should "be granted as uncontested." *See Miller v. Tucker*, 2020 U.S. Dist. LEXIS 151964, at *5-6 (E.D. Pa. Aug. 21, 2020) (Younge, J.) (granting motion to dismiss as uncontested under Local Rule 7.1(c) in *pro se* matter and noting plaintiff had been provided with the *Pro Se* Guidelines) (citing *Box v. Wetzel*, 2020 WL 3542252, at *1 (E.D. Pa. June 30, 2020) (granting motion to dismiss as unopposed in *pro se* matter); *Sorrells v. Phila. Police Dep't*, 2016 U.S. Dist. LEXIS 181900, at *1 (E.D. Pa. Jan. 26, 2016) (granting motion to dismiss as uncontested and dismissing the complaint in its entirety with prejudice), *aff'd*, 652 F. App'x 81, 83 (3d Cir. 2016)); *Paulson v. Applah*, 2021 U.S. Dist. LEXIS 7272, at *8 (E.D. Pa. Jan. 14, 2021) (Younge, J.) (dismissing *pro se* complaint for failure to follow Local Rule 7.1(c)).

Aside from his failure to file a response to the Motion to Dismiss, Plaintiff also failed to seek leave to amend within the 21 days allotted by Federal Rule 15(a)(1)(B). As the Third Circuit

---

[2] *See, e.g., Breslow v. Metropolitan Life Ins. Co.*, No. 2020-14359 (Pa. Ct. Com. Pl. Sept. 2, 2020); (insurance recovery, removed to E.D. Pa.); *Breslow v. Metropolitan Life Ins. Co.*, No. 2:20-cv-4896 (E.D. Pa. Oct 5, 2020) (dismissed with prejudice pursuant to settlement agreement); *Donna A. Breslow v. State Street Corp.*, Case No. 20-212, 2020 WL 6504546, at *1 (E.D. Pa. Nov. 05, 2020) (dismissed for lack of standing); *Breslow v. Johnson et al.*, Case No. 2:21-cv-2936 (E.D. Pa. June 30, 2021) (dismissed for lack of subject matter jurisdiction); *Breslow v. Johnson, Tyheed Ramel*, Case No. 2021-16463 (Pa. Ct. Com. Pl. Aug. 03, 2021) (pending); *Breslow v. Gleeson*, No. 2:21-cv-4703 (E.D. Pa. Oct. 20, 2021) (pending).

[Handwritten annotation: "legal cases lack relevance. my previous"]

3

155749.00623/128565114v.1

has explained, "[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Burns v. Lavender Hill Herb Farm*, 2002 U.S. Dist. LEXIS 21826, at *14-15 (E.D. Pa. Oct. 30, 2002) (*pro se* plaintiff not "excuse[d] from conforming to the rules of civil procedure"); *Smith v. SSA*, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999) (same).

Separately, as this Court observed in *Miller* and *Paulson*, "Federal Rule of Civil Procedure 41 permits a court to dismiss an action [i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order.'" *Miller*, 2020 U.S. Dist. LEXIS 151964, at *5-6; *Paulson*, 2021 U.S. Dist. LEXIS 7272, at *9; *see also* FED. R. CIV. P. 41(b). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion"; they are also governed by the "*Poulis* factors." *Miller*, 2020 U.S. Dist. LEXIS 151964, at *7-8 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)). Here, the *Poulis* factors similarly support dismissal.

"To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* (citing *Poulis*, 747 F.2d, 868).

As applied here, first, Plaintiff has proceeded *pro se* throughout the entirety of this action and his failure to comply with the Local Rules, the Federal Rules, and this Court's instructions is "attributable only to him." Second, Plaintiff has failed to comply with this Court's Order of March

4

8, 2022, instructing the parties to exchange Initial Disclosures by March 22, 2022. (ECF No. 16.). Third, Plaintiff has also shown a "history of dilatoriness" by initially (and improperly) trying to default Defendant based upon admittedly deficient service. That history of dilatoriness continues to this day, whereby Plaintiff has now missed two important deadlines: first, as to responding to the Motion to Dismiss, as reiterated by the *Pro Se* Guidelines; and second, by not seeking to amend the Complaint. Fourth, Plaintiff's initial efforts in trying to improperly default Carvana rise to the level of "willful conduct." Fifth, as a *pro se* litigant this is not a case where "alternative sanctions"—like fines, costs, or attorney's fees—would be appropriate. Finally, sixth, as detailed in the Motion to Dismiss, regardless of the underlying cause of action, all claims stemming from the alleged odometer deficiency in this case are baseless. *See* ECF No. 15 at 1 ("all of Plaintiff's claims are either based on an incomplete contractual agreement that he cancelled; barred by express disclaimers; prohibited by operative legal doctrines; not recognized causes of action; fail to satisfy the applicable pleading standards; or simply do not exist as a basis for civil liability.").

In sum, Plaintiff's unexcused, repeated failure to comply with the Local Rules, the Federal Rules, and this Court's March 8 Order have stalled the adjudication of this case and prejudiced Defendant in its preparation of a defense. Thus, dismissal of this entire action is appropriate.

### III. CONCLUSION.

For the foregoing reasons, Carvana respectfully requests that its Motion to Dismiss For Failure To State a Claim, (ECF No. 15), be granted as uncontested and this case dismissed.

[Handwritten annotation: "Sufficient merit to proceed, let's let a jury see the evidence in this case."]

Respectfully submitted,

DATED: March 23, 2022

**BLANK ROME LLP**
*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

5

Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana LLC*

155749.00623/128565114v.1