IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRESLOW, | : <br> : <br> : Case No. 2:21-cv-04915-JMY <br> : <br> : Judge John Milton Younge <br> : <br> : <br> : <br> : |
|           Plaintiff, | |
| vs. | |
| CARVANA CO., | |
|           Defendant. | |

**DEFENDANT CARVANA, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana" or "Defendant") submits this Memorandum of Law in Support of Its Motion to Stay Discovery pending the Court's ruling on Carvana's *Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss"). (ECF No. 15.) For the reasons stated, a limited discovery stay is appropriate here.

## I.    INTRODUCTION

This *pro se* consumer case arises out of an alleged odometer discrepancy in a cancelled used vehicle sale, without Plaintiff ever paying for (or receiving) the vehicle. (ECF No. 1 at 50-59.) Given the extent of the pleading insufficiencies—and the potential for further waste of judicial/party resources—a discovery stay pending the resolution of the Motion is warranted.[1]

Due to repeated service deficiencies (and Plaintiff's erroneous attempts to default Carvana), this case was delayed by several months.[2] On February 25, 2022, Carvana timely filed

---

[1] On March 24, 2022, Plaintiff filed a handwritten document entitled *Consent to a Stay*. ECF No. 18. The first line of this filing states: "I, Jordan Breslow, consent to a stay." *Id.* at 1 ¶ 1. Despite this description, it appears from the next sentence, and based on prior correspondence with Plaintiff, *see* **Exhibit A**, that he may have intended to oppose the relief sought. In the event Plaintiff does not oppose this Motion—in which case the Court need not evaluate the merits—the relief should be granted as unopposed. But in the event Plaintiff did intend to oppose this stay request, it should nonetheless be granted for the reasons stated herein.

[2] On January 13, 2022, the parties jointly stipulated to Carvana's acceptance of Plaintiff's service of process via mail and set forth Carvana's date to respond to the Complaint as February 25, 2022. *See* ECF No. 10.

1

its Motion to Dismiss under Rule 12(b). (ECF No. 15.) Critically, Carvana's Motion to Dismiss identified numerous, incurable legal deficiencies as to each of Plaintiff's fourteen causes of action.

After the Motion to Dismiss was filed—but before Plaintiff's Response was due[3]—this Court entered an Order on March 8, 2022 (the "March 8 Order") setting a Rule 16 status conference for May 5, 2022. (ECF No. 16.) Relevant here, the March 8 Order instructs the parties to "commence discovery immediately," and states they "shall have conducted substantial discovery before the Rule 16 conference." *Id.* Based on the current timing, however, the Court may not have ruled on the Motion to Dismiss before the Rule 16 status conference in about two months.

Because the Motion to Dismiss has the potential to entirely dispose of this case, any discovery conducted in the interim may prove futile. This goes for both Plaintiff and Carvana. Even if the Court grants part of the Motion to Dismiss, the scope of this case—and the attendant relevant discovery—will be narrowed. Plaintiff will also not be prejudiced by a stay. The events underlying this case occurred a mere five months ago and Carvana preserved all relevant material.

As shown, the balance of equities tip precipitously in favor of a limited stay. This Court should use its inherent authority to order a brief stay so that the parties can first have the benefit of its guidance regarding the viability of Plaintiff's claims and/or the proper scope of this case.

## II.    PROCEDURAL HISTORY

Following several failed attempts by Plaintiff to obtain a default against Carvana based on faulty service, (ECF Nos. 3-9), on January 13, 2022, the parties stipulated to Carvana's acceptance of process via mail and set Carvana's date to respond to the Complaint as February 25, 2022. (ECF No. 10.) On February 25, 2022, Carvana timely filed its Motion to Dismiss. (ECF No. 15.)

---

[3] Notably, Plaintiff failed to file a Response to the Motion to Dismiss by the March 11, 2022, deadline, and also failed to amend his Complaint by the March 18, 2022, deadline. *See* ECF No. 17-1 at 1.

On March 8, 2022, this Court issued the March 8 Order scheduling a Rule 16 conference for May 5, 2022 and triggering a series of initial discovery deadlines spanning March 22 to April 28, 2022.[4]  (ECF No. 16.)  The March 8 Order also instructs the parties to commence discovery immediately and to conduct substantial discovery before the conference.  (*Id.* ¶ 2.)  The Court has not ruled on Carvana's Motion to Dismiss, and the parties have not yet conducted any discovery.

### III.    LEGAL STANDARD

There is "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants."  *Chartener v. Providential Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  This discretionary power is broad.  *Id.*  Rule 26(c) further empowers courts to impose stays on a showing of "good cause."  *Pfizer Inc. v. Johnson & Johnson*, 2018 U.S. Dist. LEXIS 31690, at *3 (E.D. Pa. Feb. 26, 2018) (citing FED. R. CIV. P. 26(c)).  Staying discovery during the pendency of a dispositive motion is within the Court's sound discretion.  *Id.* at *3 (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)).

Courts weigh the benefits and harm that would ensue to each party because of a grant or denial of a discovery stay.  *Id.*  Where a pending motion to dismiss is likely to narrow or eliminate discovery, such that any potential harm of delay is outweighed, a stay is proper.  *Id.*  And where, as here, the underlying motion has the "potential to dispose of the entire case and eliminate the need for discovery," the "balance will generally lean in favor of staying discovery."  *Id.* (internal citations omitted); *Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 3,

---

[4] Per the March 8 Order, the parties must make initial disclosures under Rule 26 within 14 days. (*Id.* ¶ 1.) The parties must also submit their Joint Report of Rule 26(f) Meeting 7 days prior to the Rule 16 conference. (*Id.* ¶ 3.) Under the Court's *Policies and Procedures*, the parties must also hold a conference pursuant to FED. R. CIV. P. 26(f) (the "Rule 26(f) Conference") at least 10 days prior to the Rule 16 conference scheduled for May 5, 2022. *See* J. Younge, POLICIES AND P., CIV. P. A(1) ("[a] Rule 26(f) meeting shall take place as soon as possible, and at least <u>ten</u> days prior to the Rule 16 conference.") (emphasis in original).

3

1995) ("stay is proper where the likelihood that such motion [to dismiss] may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay.").

IV. **ARGUMENT**

A. **A Limited Stay Pending Carvana's Dispositive Motion to Dismiss is Proper.**

Courts in the Third Circuit routinely stay discovery pending a ruling on a dispositive motion. *Glunk v. Noone*, 689 Fed. App'x 137, 140 (3d Cir. 2017); *Mann v. Brenner*, 375 Fed. App'x 232, 239 (3d Cir. 2010); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001).[5]

This Court should stay discovery pending a ruling on Carvana's Motion to Dismiss. Carvana's Motion alleges all of Plaintiff's claims must be dismissed based on his inability to plead essential facts, as well as the imposition of several legal doctrines that further bar such claims.[6]

Because resolution of Carvana's Motion involves purely legal questions that can be determined from the face of the Complaint—along with the documents attached and incorporated therein, *see* ECF No. 15 at 2 n.2—fact discovery is unnecessary for either Plaintiff to respond to,

---

[5] This is a broadly accepted practice. *See, e.g., Dillinger, LLC v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) ("[c]ourts have long exercised discretion to stay discovery after a timely filed motion to dismiss."); *Garvey v. Am. Bankers Ins. Co. of Fla.*, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (granting stay of discovery and proceedings); *Netherlands Ins. Co. v. Macomb Cmty. Unit Sch. Dist. No. 185*, 2019 WL 5417143, at *1 (C.D. Ill. Feb. 5, 2019) ("'stay is appropriate where [a] motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue.'"); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("stays are granted with some frequency" and "often deemed appropriate where the motion to dismiss can resolve a threshold issue"); *Brandenberg v. Meridian Senior Living, LLC*, 2021 WL 783542, at *2 (C.D. Ill. Mar. 1, 2021) (staying discovery pending resolution of a motion to dismiss); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008) (staying discovery pending motion to dismiss because "any discovery conducted prior to [the resolution of the motion] would constitute needless expense and a waste of attorney time and energy"); *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (same).

[6] ECF No. 15 at 1 ("all of Plaintiff's claims are either based on an incomplete contractual agreement that he cancelled; barred by express disclaimers; prohibited by operative legal doctrines; not recognized causes of action; fail to satisfy the applicable pleading standards; or simply do not exist as a basis for civil liability.").

4

or the Court to evaluate, Carvana's Motion. *Barbieri v. Wells Fargo & Co*, 2012 U.S. Dist. LEXIS 105969, at *13-14 (E.D. Pa. July 27, 2012) (citing *Mann*, 375 F. App'x at 239 ("motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development.")).

This Court enjoys broad discretion to enter a stay in the interest of judicial economy to prevent possibly unnecessary and expensive discovery. *Jackson,* 1990 U.S. Dist. LEXIS 3572, at *2. To that end, delaying discovery until the Court determines if Plaintiff has pleaded facts necessary to proceed with any or all claims will "streamline the expensive discovery process, and thereby minimize the burden on counsel, parties and the Court." *Barbieri*, 2012 U.S. Dist. LEXIS 105969, at *15 (quoting *McLafferty v. Deutsche Lufthansa A.G.*, 2008 U.S. Dist. LEXIS 81627, at *6 (E.D. Pa. Oct. 14, 2008)). This is the very purpose of Rule 12. *Mann*, 375 Fed. Appx. at 239 (Rule 12's dismissal mechanism is "designed to streamline litigation by dispensing with needless discovery and factfinding.") (citation omitted).

Conversely, subjecting the parties to needless discovery before a ruling on a dispositive motion would be a waste of resources. *Thompson*, 2008 WL 4964714, at *10; *see also Vicchairelli v. New Eng. Linen Supply Co., Inc.*, 2020 U.S. Dist. LEXIS 249294, at *4 (D.N.J. Feb. 25, 2020) (when "a ruling on the dispositive motion [is] imminently forthcoming," allowing discovery to proceed "would create unnecessary burdens and inefficiencies, especially if [the] Motion were to be granted, thus terminating this case and eliminating the need for costly discovery").[7]

---

[7] While the Motion to Dismiss is poised to eliminate all of Plaintiff's claims, this Court need not evaluate said Motion on its merits to grant a stay. *Pfizer*, 2018 U.S. Dist. LEXIS 31690, at *3. Rather, the mere ***potential*** to eliminate—or even narrow—the need for discovery by challenging the viability of each of Plaintiff's claims is sufficient. *Id.*; *Weisman*, 1995 U.S. Dist. LEXIS 5900, at *5 (same); *Barbieri*, 2012 U.S. Dist. LEXIS 105969, at *15 (holding "[w]e are satisfied that a stay of discovery is appropriate" where defendant's pending motion to dismiss sought dismissal of "almost all" the claims asserted by plaintiff).

155749.00623/128570034v.1

### B. A Brief Stay of Discovery Will Also Not Prejudice Plaintiff.

On balance, the harm caused by not granting a stay far outweighs the harm if this case were to proceed into needless discovery. Where a stay would have minimal harm but would confer the benefit of avoiding "undue cost and waste of time and effort," it is proper. *N. Am. Communs., Inc. v. InfoPrint Sols. Co., LLC*, 2011 U.S. Dist. LEXIS 118388, at *10, *12 (W.D. Pa. July 13, 2011).

Plaintiff would not be prejudiced by the brief stay contemplated here. The parties have not yet served any discovery and the case remains in its infancy. *Barbieri*, 2012 U.S. Dist. LEXIS 105969, at *15 (court was "satisfied that a stay of discovery is appropriate" where parties had not yet commenced formal discovery);[8] *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation. . . . [B]oth parties suffer harm by the burdens of potentially superfluous litigation."). In fact, as detailed in Defendant's recently filed *Motion to Deem its Motion to Dismiss as Uncontested*, Plaintiff has now missed his deadline to: (1) file a Response to the Motion to Dismiss; (2) move to amend his Complaint; and (3) timely serve his *Initial Disclosures* in accordance with the March 8 Order.[9] *See* ECF No. 17 at 3-5.

Awaiting a ruling on the Motion to Dismiss would also allow the parties to more efficiently address the Court's proposed deadlines for initial discovery matters. Indeed, Carvana requests only a discrete, temporary stay until the Court resolves its Motion to Dismiss; Plaintiff will have sufficient time to seek discovery on his remaining claims, if any, following the Court's ruling.

---

[8] *See supra* at 2-3. Unlike most cases that have been on the Court's docket for 120 days, this case had an inauspicious and delayed start due to Plaintiff's failed service of process efforts. Had the case been properly served, Carvana's Motion to Dismiss would have been fully briefed long ago—and a ruling would have likely occurred before 120 days had elapsed.

[9] Conversely, Carvana exchanged its *Initial Disclosures* by the March 22, 2022, deadline. ECF No. 16 ¶ 1.

155749.00623/128570034v.1

In sum, a limited stay of discovery is warranted given the potential expense and undue burden imposed; the significant early motion practice triggered by Plaintiff; and the breadth and depth of the gating issues raised by the Motion. Thus, "good cause" exists to enter a brief stay.

## V.      CONCLUSION

For the foregoing reasons, Carvana respectfully requests that the Court stay all discovery in this matter pending resolution of Carvana's Motion to Dismiss.

### COMPLIANCE WITH *POLICIES AND PROCEDURES* AND L.R. 26.1

Pursuant to Section B.2 of Your Honor's *Policies and Procedures*, as well as Local Rule 26.1, movant Carvana hereby certifies that the parties, after reasonable effort, are unable to resolve the dispute underlying the instant M*otion to Stay Discovery*.

On March 23, 2022, defense counsel sent an email requesting Plaintiff's consent to a limited discovery stay during the pendency of its *Motion to Dismiss*. Plaintiff and defense counsel then had a telephone call, during which Plaintiff stated he would not agree to the requested stay. Following that call, defense counsel sent an email memorializing the conversation and Plaintiff's unwillingness to consent. Plaintiff then responded to defense counsel's email to assert "no stay is necessary." A true and correct copy of this email exchange is attached as **Exhibit A** hereto.[10]

Respectfully submitted,

**DATED**: March 25, 2022

**BLANK ROME LLP**
s/ *Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

---

[10] *See also* footnote 1, *supra*.

>Erin K. Fountaine
>One Logan Square
>Philadelphia, PA 19103
>Tel: (215) 569-5312
>Fax: (215) 832-5336
>erin.fountaine@blankrome.com
>
>*Attorneys for Defendant Carvana LLC*