Date: 4/25/2022

Breslow v. Carvana Co. / No. 2:21-CV-04915

Carvana's logic is flawed and specious. I've made and stated in detail claims of breach, fraudulent practices, etc. As to legal standard is a clear case of breach and other civil matters worthy of the court's time. Carvana and Blank Rome with their vast resources continually ask for more time, as thinly veiled delaying tactics. Shameful behavior!

The number of times I have used the courts to settle disputes is not germaine to Carvana's arguments. The simple and overarching fact is that this matter should go forward and a jury of my peers should consider the evidence at play.

Carvana Co. in its frequent advertising commercials to the general public boasts that it's customer service is superior. The case here shows them actively misleading a consumer in violation of several federal statues and precedents.

Issues with my service to the defendant stemmed from my misunderstanding of the Clerks office's guidance. I humbly apologize to the court for any

cont.

in convience.

I, also, believe my responses to the motions raised by Carvana Co. would come at hearings, not on paper solely.

I pray this Honor will permit this matter to proceed. If my arguments are lacking I ask for leave to amend further.

Respectfully Submitted,

*Jordan Breslow*

* Forgive Pen and Paper, technology issues on my part

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW (Pro se), | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 2:21-cv-04915 |
| CARVANA CO., | : | Judge John Milton Younge |
| Defendant. | : | |

### DEFENDANT CARVANA, LLC'S MOTION TO STAY DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(c) Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana"), through its attorneys, Blank Rome LLP, respectfully moves this Court to enter an order staying discovery pending the Court's ruling on Carvana's pending *Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss"). In support thereof, Carvana submits the accompanying memorandum of law, which is incorporated by reference, and a proposed Order.

Respectfully submitted,

**BLANK ROME LLP**

Date: March 25, 2022

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Tel: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
Email: erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana, LLC*

## CERTIFICATE OF SERVICE

I, Erin K. Fountaine, hereby certify that on March 25, 2022, a copy of the foregoing *Motion to Stay Discovery* was filed electronically with the Electronic Court Filing (CM/ECF) system of the U.S. District Court of the Eastern District of Pennsylvania and was served upon Plaintiff via First Class Mail and electronic mail.

Jordan Tyler Breslow
314 S. Henderson Rd, Unit G103
King of Prussia, Pennsylvania 19406
Jordanbreslow93@gmail.com
*Pro se Plaintiff*

/s/ Erin K. Fountaine
Erin K. Fountaine

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRESLOW, | : |
| Plaintiff, | : Case No. 2:21-cv-04915-JMY |
| vs. | : |
| | : Judge John Milton Younge |
| CARVANA CO., | : |
| Defendant. | : |

### DEFENDANT CARVANA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana" or "Defendant") submits this Memorandum of Law in Support of Its Motion to Stay Discovery pending the Court's ruling on Carvana's *Motion to Dismiss for Failure to State a Claim* ("Motion to Dismiss"). (ECF No. 15.) For the reasons stated, a limited discovery stay is appropriate here.

### I.    INTRODUCTION

This *pro se* consumer case arises out of an alleged odometer discrepancy in a cancelled used vehicle sale, without Plaintiff ever paying for (or receiving) the vehicle. (ECF No. 1 at 50-59.) Given the extent of the pleading insufficiencies—and the potential for further waste of judicial/party resources—a discovery stay pending the resolution of the Motion is warranted.[1]

Due to repeated service deficiencies (and Plaintiff's erroneous attempts to default Carvana), this case was delayed by several months.[2] On February 25, 2022, Carvana timely filed

---

[1] On March 24, 2022, Plaintiff filed a handwritten document entitled *Consent to a Stay*. ECF No. 18. The first line of this filing states: "I, Jordan Breslow, consent to a stay." *Id.* at 1 ¶ 1. Despite this description, it appears from the next sentence, and based on prior correspondence with Plaintiff, *see* **Exhibit A**, that he may have intended to oppose the relief sought. In the event Plaintiff does not oppose this Motion—in which case the Court need not evaluate the merits—the relief should be granted as unopposed. But in the event Plaintiff did intend to oppose this stay request, it should nonetheless be granted for the reasons stated herein.

[2] On January 13, 2022, the parties jointly stipulated to Carvana's acceptance of Plaintiff's service of process via mail and set forth Carvana's date to respond to the Complaint as February 25, 2022. *See* ECF No. 10.

1

its Motion to Dismiss under Rule 12(b). (ECF No. 15.) Critically, Carvana's Motion to Dismiss identified numerous, incurable legal deficiencies as to each of Plaintiff's fourteen causes of action.

After the Motion to Dismiss was filed—but before Plaintiff's Response was due[3]—this Court entered an Order on March 8, 2022 (the "March 8 Order") setting a Rule 16 status conference for May 5, 2022. (ECF No. 16.) Relevant here, the March 8 Order instructs the parties to "commence discovery immediately," and states they "shall have conducted substantial discovery before the Rule 16 conference." *Id.* Based on the current timing, however, the Court may not have ruled on the Motion to Dismiss before the Rule 16 status conference in about two months.

Because the Motion to Dismiss has the potential to entirely dispose of this case, any discovery conducted in the interim may prove futile. This goes for both Plaintiff and Carvana. Even if the Court grants part of the Motion to Dismiss, the scope of this case—and the attendant relevant discovery—will be narrowed. Plaintiff will also not be prejudiced by a stay. The events underlying this case occurred a mere five months ago and Carvana preserved all relevant material.

As shown, the balance of equities tip precipitously in favor of a limited stay. This Court should use its inherent authority to order a brief stay so that the parties can first have the benefit of its guidance regarding the viability of Plaintiff's claims and/or the proper scope of this case.

## II.   **PROCEDURAL HISTORY**

Following several failed attempts by Plaintiff to obtain a default against Carvana based on faulty service, (ECF Nos. 3-9), on January 13, 2022, the parties stipulated to Carvana's acceptance of process via mail and set Carvana's date to respond to the Complaint as February 25, 2022. (ECF No. 10.) On February 25, 2022, Carvana timely filed its Motion to Dismiss. (ECF No. 15.)

---

[3] Notably, Plaintiff failed to file a Response to the Motion to Dismiss by the March 11, 2022, deadline, and also failed to amend his Complaint by the March 18, 2022, deadline. *See* ECF No. 17-1 at 1.

On March 8, 2022, this Court issued the March 8 Order scheduling a Rule 16 conference for May 5, 2022 and triggering a series of initial discovery deadlines spanning March 22 to April 28, 2022.[4]   (ECF No. 16.)   The March 8 Order also instructs the parties to commence discovery immediately and to conduct substantial discovery before the conference.   (*Id.* ¶ 2.)   The Court has not ruled on Carvana's Motion to Dismiss, and the parties have not yet conducted any discovery.

### III.   **LEGAL STANDARD**

There is "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Chartener v. Providential Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).   This discretionary power is broad.   *Id.*   Rule 26(c) further empowers courts to impose stays on a showing of "good cause." *Pfizer Inc. v. Johnson & Johnson*, 2018 U.S. Dist. LEXIS 31690, at *3 (E.D. Pa. Feb. 26, 2018) (citing FED. R. CIV. P. 26(c)).   Staying discovery during the pendency of a dispositive motion is within the Court's sound discretion.   *Id.* at *3 (citing *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)).

Courts weigh the benefits and harm that would ensue to each party because of a grant or denial of a discovery stay.   *Id.*   Where a pending motion to dismiss is likely to narrow or eliminate discovery, such that any potential harm of delay is outweighed, a stay is proper.   *Id.*   And where, as here, the underlying motion has the "potential to dispose of the entire case and eliminate the need for discovery," the "balance will generally lean in favor of staying discovery."   *Id.* (internal citations omitted); *Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 3,

---

[4] Per the March 8 Order, the parties must make initial disclosures under Rule 26 within 14 days.   (*Id.* ¶ 1.) The parties must also submit their Joint Report of Rule 26(f) Meeting 7 days prior to the Rule 16 conference. (*Id.* ¶ 3.)   Under the Court's *Policies and Procedures*, the parties must also hold a conference pursuant to FED. R. CIV. P. 26(f) (the "Rule 26(f) Conference") at least 10 days prior to the Rule 16 conference scheduled for May 5, 2022.   *See* J. Younge, POLICIES AND P., CIV. P. A(1) ("[a] Rule 26(f) meeting shall take place as soon as possible, and at least ten days prior to the Rule 16 conference.") (emphasis in original).

1995) ("stay is proper where the likelihood that such motion [to dismiss] may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay.").

## IV.    ARGUMENT

### A.    A Limited Stay Pending Carvana's Dispositive Motion to Dismiss is Proper.

Courts in the Third Circuit routinely stay discovery pending a ruling on a dispositive motion. *Glunk v. Noone*, 689 Fed. App'x 137, 140 (3d Cir. 2017); *Mann v. Brenner*, 375 Fed. App'x 232, 239 (3d Cir. 2010); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001).[5]

This Court should stay discovery pending a ruling on Carvana's Motion to Dismiss. Carvana's Motion alleges all of Plaintiff's claims must be dismissed based on his inability to plead essential facts, as well as the imposition of several legal doctrines that further bar such claims.[6]

Because resolution of Carvana's Motion involves purely legal questions that can be determined from the face of the Complaint—along with the documents attached and incorporated therein, *see* ECF No. 15 at 2 n.2—fact discovery is unnecessary for either Plaintiff to respond to,

---

[5] This is a broadly accepted practice. *See, e.g., Dillinger, LLC v. Elec. Arts, Inc.*, 2010 WL 1945739, at *1 (S.D. Ind. May 11, 2010) ("[c]ourts have long exercised discretion to stay discovery after a timely filed motion to dismiss."); *Garvey v. Am. Bankers Ins. Co. of Fla.*, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (granting stay of discovery and proceedings); *Netherlands Ins. Co. v. Macomb Cmty. Unit Sch. Dist. No. 185*, 2019 WL 5417143, at *1 (C.D. Ill. Feb. 5, 2019) ("'stay is appropriate where [a] motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue.'"); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("stays are granted with some frequency" and "often deemed appropriate where the motion to dismiss can resolve a threshold issue"); *Brandenberg v. Meridian Senior Living, LLC*, 2021 WL 783542, at *2 (C.D. Ill. Mar. 1, 2021) (staying discovery pending resolution of a motion to dismiss); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008) (staying discovery pending motion to dismiss because "any discovery conducted prior to [the resolution of the motion] would constitute needless expense and a waste of attorney time and energy"); *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (same).

[6] ECF No. 15 at 1 ("all of Plaintiff's claims are either based on an incomplete contractual agreement that he cancelled; barred by express disclaimers; prohibited by operative legal doctrines; not recognized causes of action; fail to satisfy the applicable pleading standards; or simply do not exist as a basis for civil liability.").

4

**B.  A Brief Stay of Discovery Will Also Not Prejudice Plaintiff.**

On balance, the harm caused by not granting a stay far outweighs the harm if this case were to proceed into needless discovery.  Where a stay would have minimal harm but would confer the benefit of avoiding "undue cost and waste of time and effort," it is proper.  *N. Am. Communs., Inc. v. InfoPrint Sols. Co., LLC*, 2011 U.S. Dist. LEXIS 118388, at *10, *12 (W.D. Pa. July 13, 2011).

Plaintiff would not be prejudiced by the brief stay contemplated here.  The parties have not yet served any discovery and the case remains in its infancy.  *Barbieri*, 2012 U.S. Dist. LEXIS 105969, at *15 (court was "satisfied that a stay of discovery is appropriate" where parties had not yet commenced formal discovery);[8] *Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, 2016 WL 47916, at *5 (N.D. Ill. Jan. 5, 2016) ("[T]his case is in its early stages, which equates to a potential for significant savings for both parties in terms of their time, expenses, and resources required to move forward with this litigation. . . .  [B]oth parties suffer harm by the burdens of potentially superfluous litigation.").  In fact, as detailed in Defendant's recently filed *Motion to Deem its Motion to Dismiss as Uncontested*, Plaintiff has now missed his deadline to: (1) file a Response to the Motion to Dismiss; (2) move to amend his Complaint; and (3) timely serve his *Initial Disclosures* in accordance with the March 8 Order.[9]  *See* ECF No. 17 at 3-5.

Awaiting a ruling on the Motion to Dismiss would also allow the parties to more efficiently address the Court's proposed deadlines for initial discovery matters.  Indeed, Carvana requests only a discrete, temporary stay until the Court resolves its Motion to Dismiss; Plaintiff will have sufficient time to seek discovery on his remaining claims, if any, following the Court's ruling.

---

[8] *See supra* at 2-3.  Unlike most cases that have been on the Court's docket for 120 days, this case had an inauspicious and delayed start due to Plaintiff's failed service of process efforts.  Had the case been properly served, Carvana's Motion to Dismiss would have been fully briefed long ago—and a ruling would have likely occurred before 120 days had elapsed.

[9] Conversely, Carvana exchanged its *Initial Disclosures* by the March 22, 2022, deadline. ECF No. 16 ¶ 1.

In sum, a limited stay of discovery is warranted given the potential expense and undue burden imposed; the significant early motion practice triggered by Plaintiff; and the breadth and depth of the gating issues raised by the Motion. Thus, "good cause" exists to enter a brief stay.

## V.   **CONCLUSION**

For the foregoing reasons, Carvana respectfully requests that the Court stay all discovery in this matter pending resolution of Carvana's Motion to Dismiss.

## COMPLIANCE WITH *POLICIES AND PROCEDURES* AND L.R. 26.1

Pursuant to Section B.2 of Your Honor's *Policies and Procedures*, as well as Local Rule 26.1, movant Carvana hereby certifies that the parties, after reasonable effort, are unable to resolve the dispute underlying the instant M*otion to Stay Discovery.*

On March 23, 2022, defense counsel sent an email requesting Plaintiff's consent to a limited discovery stay during the pendency of its *Motion to Dismiss*. Plaintiff and defense counsel then had a telephone call, during which Plaintiff stated he would not agree to the requested stay. Following that call, defense counsel sent an email memorializing the conversation and Plaintiff's unwillingness to consent. Plaintiff then responded to defense counsel's email to assert "no stay is necessary." A true and correct copy of this email exchange is attached as **Exhibit A** hereto.[10]

Respectfully submitted,

**DATED**: March 25, 2022

**BLANK ROME LLP**
*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

---

[10] *See also* footnote 1, *supra*.

155749.00623/128570034v.1

Erin K. Fountaine
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana LLC*

8

# EXHIBIT A

**Fountaine, Erin**

| | |
|---|---|
| **From:** | jordanbreslow93 <jordanbreslow93@gmail.com> |
| **Sent:** | Wednesday, March 23, 2022 6:58 PM |
| **To:** | Fountaine, Erin |
| **Subject:** | RE: Breslow v. Carvana - Case No. 2:21-cv-04915 |

My position is no stay is necessary.

Sent via the Samsung Galaxy, an AT&T 4G LTE smartphone

-------- Original message --------
From: "Fountaine, Erin" <Erin.Fountaine@BlankRome.com>
Date: 3/23/22 6:42 PM (GMT-05:00)
To: Jordan Breslow <jordanbreslow93@gmail.com>
Cc: "Flanders, Craig" <craig.flanders@blankrome.com>, "Rosenthal, Jeffrey" <jeffrey.rosenthal@blankrome.com>
Subject: RE: Breslow v. Carvana - Case No. 2:21-cv-04915

Mr. Breslow,

Thanks for the phone call a moment ago. This email confirms your position that you do not consent to stay discovery pending a ruling on Carvana's *Motion to Dismiss*.

Thanks!

**Erin K. Fountaine**  | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5312 | F: 215.832.5336 | erin.fountaine@blankrome.com

**From:** Fountaine, Erin
**Sent:** Wednesday, March 23, 2022 6:27 PM
**To:** Jordan Breslow <jordanbreslow93@gmail.com>
**Cc:** Flanders, Craig <craig.flanders@blankrome.com>; Rosenthal, Jeffrey <jeffrey.rosenthal@blankrome.com>
**Subject:** Breslow v. Carvana - Case No. 2:21-cv-04915

Mr. Breslow,

Attached please find a *Motion to Deem Motion to Dismiss as Uncontested* filed earlier today in the *Breslow v. Carvana* matter, Case No. 2:21-cv-04915 (ED Pa). This document is also coming to you via first class mail to the address provided on your Complaint.

Separately, Carvana intends to seek a stay of discovery in advance of the May 5, 2022 Scheduling Conference pending a ruling on its *Motion to Dismiss*. Please let us know at your earliest convenience if you agree, so we do not need to seek such relief from the Court.

Please feel free to give us a call at the contact information below or my cell phone, 484-885-6910, if you have any questions.

Thanks!

**Erin K. Fountaine**  | BLANKROME
One Logan Square | 130 North 18th Street | Philadelphia, PA 19103
O: 215.569.5312 | F: 215.832.5336 | erin.fountaine@blankrome.com

*************************************************************************************************
******

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************************
******

**CERTIFICATE OF SERVICE**

I, Erin K. Fountaine, hereby certify that on March 25, 2022, a copy of the foregoing Memorandum of Law in in Support of Motion to Stay Discovery was filed electronically with the Electronic Court Filing (CM/ECF) system of the U.S. District Court of the Eastern District of Pennsylvania and was served upon Plaintiff via First Class Mail and electronic mail.

Jordan Tyler Breslow
314 S. Henderson Rd, Unit G103
King of Prussia, Pennsylvania 19406
Jordanbreslow93@gmail.com
*Pro se Plaintiff*

/s/ Erin K. Fountaine
Erin K. Fountaine

155749.00623/128570034v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW (Pro se), | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:21-cv-04915 |
| | : | |
| CARVANA CO., | : | Judge John Milton Younge |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Carvana, LLC's (incorrectly identified as "Carvana Co.") ("Carvana") *Motion to Stay Discovery* and any response thereto, and the Court having considered this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure; and for good cause having been shown; it is hereby **ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that all discovery in this matter is stayed pending a ruling on Carvana's pending Motion to Dismiss (ECF No. 15).

**IT IS FURTHER ORDERED** that the March 8, 2022, order entered in this case is hereby rescinded, and the Rule 16 Scheduling Conference set for May 5, 2022, shall be re-set following the Court's ruling on Motion to Dismiss, if needed.

**IT IS SO ORDERED**.

BY THE COURT:

_____
Hon. John Milton Younge

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW (Pro se), | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 2:21-cv-04915 |
| | : | |
| CARVANA CO., | : | Judge John Milton Younge |
| | : | |
| Defendant. | : | |

**DEFENDANT CARVANA, LLC'S MOTION
TO GRANT MOTION TO DISMISS AS UNCONTESTED**

Pursuant to Local Rule of Civil Procedure 7.1(c) and Federal Rule of Civil Procedure 41, Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana"), through its attorneys, Blank Rome LLP, respectfully moves this Court for an order deeming its *Motion to Dismiss for Failure to State a Claim*, (ECF No. 15), as uncontested; granting the Motion to Dismiss; and dismissing Plaintiff Jordan Tyler Breslow's Complaint, (ECF No. 1), with prejudice.

In support thereof, Carvana submits the accompanying memorandum of law, which is incorporated by reference, and a proposed Order.

Respectfully submitted,

**BLANK ROME LLP**

*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Square, 130 North 18th Street
Tel: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Date: March 23, 2022

Erin K. Fountaine
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
Email: erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana, LLC*

(establishing fourteen (14) day response deadline); *see also* FED. R. CIV. P. 15(a)(1)(B) (establishing twenty-one (21) day amendment deadline after service of a Rule 12(b) motion). Those deadlines have passed, and Plaintiff neither filed a Response nor sought to amend his Complaint. Accordingly, Carvana's Motion to Dismiss should be granted as uncontested and this case dismissed.

## II.   <u>ARGUMENT</u>

There is "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Chartener v. Providential Mut. Life Ins. Co.*, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This discretionary power is broad. *Id.* In addition to this inherent power, Rule 7.1(c) of the Local Rules authorize the granting of uncontested motions:

> Unless the Court directs otherwise, any party opposing the motion ***shall*** serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief. ***In the absence of timely response, the motion may be granted as uncontested*** except as provided under Fed.R.Civ.P 56.

*See* E.D. Pa. L.R. 7.1(c) (emphasis added).

On November 2, 2021—the same day he filed his Complaint—Plaintiff was provided with this Court's NOTICE OF GUIDELINES FOR REPRESENTING YOURSELF (APPEARING "PRO SE") IN FEDERAL COURT (the "*Pro Se* Guidelines"). (ECF No. 2) The *Pro Se* Guidelines were also mailed to Plaintiff's identified address a week later on November 9, 2021. Notably, the *Pro Se* Guidelines remind Plaintiff the Federal Rules apply to his case, and further, call out Local Rule 7.1 and the timing associated with filing a "proper response" to a motion:

> **Rules that Apply to Your Case:** Your case is subject to the Federal Rules of Civil Procedure and the Eastern District of Pennsylvania's Local Rules of Civil Procedure, which you can find on the Court's website. ***One important rule to be aware of is Local Rule 7.1, which requires you to file and serve a proper response to all motions within fourteen (14) days unless the Judge assigned***

2

> **to your case directs otherwise.** If you need more time to respond to a motion
> or comply with a deadline, you must file a motion for an extension of time. If
> your case is transferred to another district, the local rules in that district will
> apply to your case.

ECF No. 2 at 4 (emphasis added). Unlike other *pro se* individuals, Plaintiff is an experienced

litigant who has had several cases in state/federal court—including in this Court.[2] He is (or should

be) well aware of the importance of Court deadlines and the penalties for ignoring them.

Plaintiff unquestionably failed to "serve a brief in opposition" within fourteen days of the

filing and service of Defendant's Motion to Dismiss. (ECF No. 15; ECF No 15-1.) In fact, Plaintiff

has **still** not filed a Response over a week-and-a-half after his 14-day deadline expired. Thus, in

the absence of a "timely response," this motion should "be granted as uncontested." *See Miller v.*

*Tucker*, 2020 U.S. Dist. LEXIS 151964, at *5-6 (E.D. Pa. Aug. 21, 2020) (Younge, J.) (granting

motion to dismiss as uncontested under Local Rule 7.1(c) in *pro se* matter and noting plaintiff had

been provided with the *Pro Se* Guidelines) (citing *Box v. Wetzel*, 2020 WL 3542252, at *1 (E.D.

Pa. June 30, 2020) (granting motion to dismiss as unopposed in *pro se* matter); *Sorrells v. Phila.*

*Police Dep't*, 2016 U.S. Dist. LEXIS 181900, at *1 (E.D. Pa. Jan. 26, 2016) (granting motion to

dismiss as uncontested and dismissing the complaint in its entirety with prejudice), *aff'd*, 652 F.

App'x 81, 83 (3d Cir. 2016)); *Paulson v. Applah*, 2021 U.S. Dist. LEXIS 7272, at *8 (E.D. Pa.

Jan. 14, 2021) (Younge, J.) (dismissing *pro se* complaint for failure to follow Local Rule 7.1(c)).

Aside from his failure to file a response to the Motion to Dismiss, Plaintiff also failed to

seek leave to amend within the 21 days allotted by Federal Rule 15(a)(1)(B). As the Third Circuit

---

[2]  *See, e.g.*, *Breslow v. Metropolitan Life Ins. Co.*, No. 2020-14359 (Pa. Ct. Com. Pl. Sept. 2, 2020);
(insurance recovery, removed to E.D. Pa.); *Breslow v. Metropolitan Life Ins. Co.*, No. 2:20-cv-4896 (E.D.
Pa. Oct 5, 2020) (dismissed with prejudice pursuant to settlement agreement); *Donna A. Breslow v. State*
*Street Corp.*, Case No. 20-212, 2020 WL 6504546, at *1 (E.D. Pa. Nov. 05, 2020) (dismissed for lack of
standing); *Breslow v. Johnson et al.*, Case No. 2:21-cv-2936 (E.D. Pa. June 30, 2021) (dismissed for lack
of subject matter jurisdiction); *Breslow v. Johnson, Tyheed Ramel*, Case No. 2021-16463 (Pa. Ct. Com. Pl.
Aug. 03, 2021) (pending); *Breslow v. Gleeson*, No. 2:21-cv-4703 (E.D. Pa. Oct. 20, 2021) (pending).

has explained, "[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Burns v. Lavender Hill Herb Farm*, 2002 U.S. Dist. LEXIS 21826, at *14-15 (E.D. Pa. Oct. 30, 2002) (*pro se* plaintiff not "excuse[d] from conforming to the rules of civil procedure"); *Smith v. SSA*, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999) (same).

Separately, as this Court observed in *Miller* and *Paulson*, "Federal Rule of Civil Procedure 41 permits a court to dismiss an action [i]f the plaintiff fails to prosecute or to comply with th[e] [Federal Rules of Civil Procedure] or a court order.'" *Miller*, 2020 U.S. Dist. LEXIS 151964, at *5-6; *Paulson*, 2021 U.S. Dist. LEXIS 7272, at *9; *see also* FED. R. CIV. P. 41(b). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion"; they are also governed by the "*Poulis* factors." *Miller*, 2020 U.S. Dist. LEXIS 151964, at *7-8 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)). Here, the *Poulis* factors similarly support dismissal.

"To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Id.* (citing *Poulis*, 747 F.2d, 868).

As applied here, first, Plaintiff has proceeded *pro se* throughout the entirety of this action and his failure to comply with the Local Rules, the Federal Rules, and this Court's instructions is "attributable only to him." Second, Plaintiff has failed to comply with this Court's Order of March

4

8, 2022, instructing the parties to exchange Initial Disclosures by March 22, 2022. (ECF No. 16.).

Third, Plaintiff has also shown a "history of dilatoriness" by initially (and improperly) trying to default Defendant based upon admittedly deficient service. That history of dilatoriness continues to this day, whereby Plaintiff has now missed two important deadlines: first, as to responding to the Motion to Dismiss, as reiterated by the *Pro Se* Guidelines; and second, by not seeking to amend the Complaint. Fourth, Plaintiff's initial efforts in trying to improperly default Carvana rise to the level of "willful conduct." Fifth, as a *pro se* litigant this is not a case where "alternative sanctions"—like fines, costs, or attorney's fees—would be appropriate. Finally, sixth, as detailed in the Motion to Dismiss, regardless of the underlying cause of action, all claims stemming from the alleged odometer deficiency in this case are baseless. *See* ECF No. 15 at 1 ("all of Plaintiff's claims are either based on an incomplete contractual agreement that he cancelled; barred by express disclaimers; prohibited by operative legal doctrines; not recognized causes of action; fail to satisfy the applicable pleading standards; or simply do not exist as a basis for civil liability.").

In sum, Plaintiff's unexcused, repeated failure to comply with the Local Rules, the Federal Rules, and this Court's March 8 Order have stalled the adjudication of this case and prejudiced Defendant in its preparation of a defense. Thus, dismissal of this entire action is appropriate.

### III.   <u>CONCLUSION.</u>

For the foregoing reasons, Carvana respectfully requests that its Motion to Dismiss For Failure To State a Claim, (ECF No. 15), be granted as uncontested and this case dismissed.

Respectfully submitted,

**DATED**: March 23, 2022

**BLANK ROME LLP**
<u>*s/ Jeffrey N. Rosenthal*</u>
Jeffrey N. Rosenthal
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

5

155749.00623/128565114v.1

Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana LLC*

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW (Pro se), | : : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 2:21-cv-04915 |
| | : | |
| CARVANA CO., | : | Judge John Milton Younge |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Carvana, LLC's (incorrectly identified as "Carvana Co.") *Motion to Grant Motion to Dismiss as Uncontested*, and any response thereto, and the Court having considered this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure; and for good cause having been shown; it is hereby **ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE.** The Clerk is directed to administratively close this matter.

**IT IS SO ORDERED**.

BY THE COURT:

_____
Hon. John Milton Younge

**CERTIFICATE OF SERVICE**

I, Erin K. Fountaine, hereby certify that on March 23, 2022, a copy of the foregoing Memorandum of Law in in Support of Motion to Stay Discovery was filed electronically with the Electronic Court Filing (CM/ECF) system of the U.S. District Court of the Eastern District of Pennsylvania and was served upon Plaintiff via First Class Mail and electronic mail.

Jordan Tyler Breslow
314 S. Henderson Rd, Unit G103
King of Prussia, Pennsylvania 19406
Jordanbreslow93@gmail.com
*Pro se Plaintiff*

*/s/ Erin K. Fountaine*
Erin K. Fountaine

155749.00623/128565114v.1