IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRESLOW, | : |
| Plaintiff, | : Case No. 2:21-cv-04915-JMY |
| vs. | : Judge John Milton Younge |
| CARVANA CO., | : |
| Defendant. | : |

**DEFENDANT CARVANA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Carvana, LLC (incorrectly identified as "Carvana Co.") ("Carvana" or "Defendant") submits this Reply in further support of its *Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6)* (the "Motion to Dismiss"). (ECF No. 15.)

On March 29, 2022, this Court issued an Order (the "March 29 Order") warning Plaintiff—a putative used vehicle purchaser that cancelled his purchase before ever receiving the vehicle or paying for the same—that his failure to file an appropriate brief in opposition to the *Motion to Dismiss* within thirty days may result in it being "deemed unopposed, or the dismissal of this case." (ECF No. 21.) That deadline expired April 28, 2022. In the sixty-three days since the *Motion to Dismiss* was filed, Plaintiff has **never** addressed **any** of Carvana's arguments. Most recently, Plaintiff filed the instant 1½ page handwritten *Response*, (ECF No. 23), directed exclusively to Carvana's *Motion to Stay Discovery*—which was denied back on March 29, 2022. (ECF No. 20.)

Even assuming the *Response* was intended to address the *Motion to Dismiss*,[1] it is improper under L.R. 7.1. Despite every opportunity, Plaintiff has repeatedly ignored deadlines, this Court's directives, and his duties under the Federal/Local Rules. The time to dismiss this case has come.

---

[1] Because the instant *Response* was incorrectly addressed to Carvana's *Motion to Stay Discovery*, this reply is styled as memorandum in further support of the operative *Motion to Dismiss* (filed February 25, 2022) and is thus timely under § A.5 of Your Honor's *Policies and Procedures*.

1

I. **PLAINTIFF HAS REPEATEDLY FAILED TO ADDRESS THE MERITS OF CARVANA'S MOTION TO DISMISS AND CONCEDES HE WILLFULLY IGNORED HIS OBLIGATION TO FILE A RESPONSE UNDER L.R. 7.1(c).**

Plaintiff failed to comply with the March 29 Order requiring him to file an appropriate brief in opposition to the *Motion to Dismiss*. This alone is sufficient to dismiss this action with prejudice.

After the deadline for Plaintiff to either file a response to the *Motion to Dismiss* and/or amend his *Complaint* expired, Carvana filed a *Motion to Grant Motion to Stay as Uncontested* (the "Motion to Grant") on March 23, 2022. (ECF No. 17.) Although the Court could have ruled on the *Motion to Grant*, it instead provided Plaintiff one final opportunity to respond, ordering:

1. Plaintiff ***shall file a Brief in Opposition*** to Defendants' Motion [to Dismiss] within thirty days of the date that this Order is entered on the docket. Plaintiff is advised that ***failure to file a brief in opposition may result in Defendant's Motion being deemed unopposed, or the dismissal of this case***. See L.R. 7.1(c); Fed. R. Civ. P. 41.

2. All briefs ***shall conform to the requirements of Local Rule 7.1***.

(ECF No. 21) (emphasis added).

Despite this Court's roadmap to the applicable rules—including Local Rule 7.1 and Federal Rule 41—Plaintiff instead opted ***not*** to comply with this Court's directives. Rather, on April 25, 2022, Plaintiff filed the instant 1½ page *Response*—directed only to Carvana's separate *Motion to Stay Discovery*, (ECF No. 19), that was denied almost a month before. (ECF No. 20).

Setting aside the missteps surrounding this filing, even if the Court interprets the *Response* as an opposition to the *Motion to Dismiss*, it fails to substantively address any of the grounds for dismissal. For example, the *Response* states, in conclusory fashion, that Carvana's "logic is flawed and specious. I've made and stated in detail claims of breach, fraudulent practices, etc. As to [sic] legal standard [sic] is a clear case of breach and other civil matters worthy of the Court's time." (ECF No. 23 at 1.) But as this Court has correctly observed, such conclusory and legally

unsupported responses constitute waiver and/or abandonment of Plaintiff's arguments against dismissal.[2]  Similarly, Plaintiff's request for this matter to proceed ignores the fact that Rule 12's dismissal mechanism is specifically "designed to streamline litigation by dispensing with needless discovery and factfinding."  *Mann v. Brenner*, 375 Fed. App'x 232, 239 (3d Cir. 2010); (ECF No. 19-1 at 4-5).  The *Response* is also bereft of any case law—in fact, it cites no authority whatsoever.

Carvana's *Motion to Dismiss* identified myriad bases for dismissing Plaintiff's *Complaint* with prejudice.  (ECF No. 15.)  Aside from failing to substantively oppose Carvana's *Motion to Dismiss*, Plaintiff has repeatedly conceded that his failure to timely respond was a tactical choice made in violation of Local Rule 7.1.(c), as well as the *Pro Se* Guidelines.  (ECF No. 17-1 at 2-3.)

In his most recent *Response*, Plaintiff wrote "I, also, believe my responses to the motions raised by Carvana Co. would come at hearings, not on paper solely."  (ECF No. 23 at 2.)  Be that as it may, a litigant cannot avoid dismissal merely by aspiring to somehow support their claim at subsequent "hearings."  If Plaintiff had a valid basis to oppose the *Motion to Dismiss* (which he does not) he was required to assert it in the last two months—including in the *Response*.  In fact, this Court reminded Plaintiff of the need to "***file and serve*** a proper response to all motions" when it mailed him the *Pro Se* Guidelines at the outset of this case.  (ECF No. 17 at 3.)  Further driving this point home, the March 29 Order uses the phrase "file a brief" ***twice*** in the first enumerated

---

[2] *See, e.g.*, *Simpson v. Erkerd*, 2017 U.S. Dist. LEXIS 28954, at *41 (E.D. Pa. Feb. 28, 2017) (providing three sentences of argument and failing to cite any pertinent authority resulted in waiver due to lack of development) (citation omitted); *Paolino v. Glunt*, 2012 U.S. Dist. LEXIS 185862, at *21 (E.D. Pa. Jan. 12, 2012) (observing "Pennsylvania courts also will deem an issue waived if a petitioner fails to present 'any argument, citation, or supporting legal authority to substantiate [it].'"); *Bennett v. Varner*, 2004 U.S. Dist. LEXIS 2634, at *36 (E.D. Pa. Jan. 16, 2004) ("Petitioner's entire argument section pertaining to this issue consists of two (2) paragraphs quoted from the transcript. He does not include any argument or citation to legal authority. Accordingly, the issue is waived.").

155749.00623/128739991v.1

paragraph. (ECF No. 21.) There is no excuse for Plaintiff's repeated refusal to substantively respond in writing to Carvana's *Motion to Dismiss*.

This is not first time Plaintiff has either purposefully (or recklessly) disregarded what the Local Rules, the Federal Rules and/or this Court required him to do to advance his case.[3] Plaintiff's defaults are indicative of a pattern and practice[4] that has increased costs and led to needless delay.

As this Court has observed, even *pro se* litigants must follow the applicable Federal and/or Local Rules governing motion practice or face the consequences. (ECF No. 17-1 at 3 (collecting cases); *see also* ECF No. 15-1 at 5 (*pro se* plaintiffs cannot "flout procedural rules" and are "not 'excuse[d] from conforming to the rules of civil procedure")). In both *Miller v. Tucker*, 2020 U.S. Dist. LEXIS 151964, at *5-6 (E.D. Pa. Aug. 21, 2020) (Younge, J.), and *Paulson v. Applah*, 2021 U.S. Dist. LEXIS 7272, at *8 (E.D. Pa. Jan. 14, 2021) (Younge, J.), the *pro se* litigant was given one final opportunity to comply with Local Rule 7.1(c) by filing conforming briefs in opposition before their respective complaints were dismissed. Here, Plaintiff was given this same opportunity in the form of the March 29 Order—yet chose to not take advantage of this Court's generosity and

---

[3] On March 24, 2022, Plaintiff filed another handwritten document erroneously entitled "*Consent to a Stay*." (ECF No. 18.) This filing sought to oppose Carvana's *Motion to Stay Discovery*, (ECF No. 19-1 at n.1), on the sole ground that Carvana is "[a] billion [dollar] company and . . . [has] the resources to proceed in a timely manner." (ECF No. 18 at 1.) Plaintiff's filing also claimed "[t]he Motion to Dismiss is without merit"—with no further elaboration or citation to any authority. *Id.*

The remainder of Plaintiff's March 24 filing also purported to address Carvana's *Motion to Grant* by way of Plaintiff inserting his handwritten notes into the margins of a copy of the *Motion to Grant*. (ECF No. 18 at 1.) In so doing, Plaintiff conceded that his initial decision to not respond to the *Motion to Dismiss* was calculated. When addressing Carvana's observation that Plaintiff's "deadline to amend the Complaint as a matter of right was March 18, 2022," Plaintiff wrote: "I'm awaiting his Honor's ruling before amending." (ECF No. 18 at 4.) But waiting for this Court "to rule" did not excuse Plaintiff's clear obligation to respond to the *Motion to Dismiss* then or now.

[4] As another example, on March 8, 2022, this Court instructed the parties to exchange their Initial Disclosures by March 22, 2022. (ECF No. 16.) Although Carvana met this deadline, Plaintiff did not. Even after Carvana pointed out this deficiency in its *Motion to Grant*, (ECF No. 17-1 at 5), Plaintiff has **still** not provided his Initial Disclosures to Carvana over a month later.

4

continued to inexplicably "flout procedural rules." As a result, the same outcome seen in *Miller* and *Paulson* is equally appropriate here—if not more so, given Plaintiff's persistent violations.[5]

## II. CONCLUSION.

Carvana respectfully requests that the Court deem its *Motion to Dismiss for Failure to State a Claim*, (ECF No. 15), as unopposed, grant said Motion, and dismiss this case with prejudice.

Respectfully submitted,

**DATED**: April 29, 2022

**BLANK ROME LLP**
*s/ Jeffrey N. Rosenthal*
Jeffrey N. Rosenthal
One Logan Sq., 130 North 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5553
Fax: (215) 832-5533
Email: jeffrey.rosenthal@blankrome.com

Erin K. Fountaine
One Logan Sq., 130 North 18th Street
Philadelphia, PA 19103
Tel: (215) 569-5312
Fax: (215) 832-5336
erin.fountaine@blankrome.com

*Attorneys for Defendant Carvana LLC*

---

[5] As a final matter, the last sentence of Plaintiff's *Response* states "[i]f my arguments are lacking I ask for leave to amend further." (ECF No. 23 at 2.) This incomplete and improper request for leave to amend should be rejected—especially given this case's history. First, this request is untimely. Plaintiff already conceded how he purposefully did ***not*** amend when the Federal Rules permitted it because he wanted to see how this Court would "rule" on the *Motion to Dismiss*. (ECF No. 18 at 4.) Second, Plaintiff's request is also procedurally improper; a brief in opposition cannot substitute for a formal motion for leave to amend. *See, e.g., Oxner v. Cliveden Nursing & Rehab. Ctr. PA, LP*, 132 F. Supp. 3d 645, 651 n.2 (E.D. Pa. 2015) (noting plaintiff's "passing request for leave to amend in her opposition brief is improper," and that she "must attach a copy of the proposed amended complaint when requesting leave to amend" to give the court a means to assess the merits of the request); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("a district court need not worry about amendment when the plaintiff does not properly request it"). Separately, such an amendment request must be rejected where, as here, it would otherwise be "futile." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.").