IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORDAN TYLER BRESLOW, | : | |
| Plaintiff, | : | No. 21-cv-4915-JMY |
| | : | |
| v. | : | |
| | : | |
| CARVANA CO., | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 1st day of August 2022, upon consideration of the Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 15) and the Motion to Grant the Motion to Dismiss as Uncontested (ECF No. 17) filed by the Defendant, and the fact that Plaintiff has failed to file an opposition thereto, it is hereby ORDERED that Defendant's Motions shall be GRANTED as uncontested.[1]

It is further ORDERED that this case is DISMISSED without prejudice for failure to prosecute and comply with Court orders under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is DIRECTED to mark this matter CLOSED.

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge

---

[1] This action arises from the purported cancelation of a contract for the sale of a used automobile. (Complaint ¶ 5.) Although the Complaint does not identify the specific type of automobile at issue, exhibits attached to the Complaint identify a contract for the sale of a 2009 Mercedes-Benz, SLK-Class silver convertible two-door Roadster. (*Id.*, Exhibits, ECF No. 1-1, pp. 9, 19, 27.) Plaintiff alleges that on October 30, 2021 when he initiated the purchase of the automobile, the Defendant represented that it had 3366 miles on the odometer. (*Id.* ¶¶ 4-5.) Plaintiff further alleges that he subsequently canceled the contract for sale in the final stages of

purchase after learning that the automobile had 66,181 miles on the odometer.  (Complaint ¶ 5.)  Plaintiff avers that "[He] was forced to cancel the order resulting in damages and was unable to resolve this matter sufficiently with the company staff and was forced to bring this matter [in federal court.]"  (*Id.* ¶ 10.)  He goes on to aver that "[He] was unable to find an immediate alternative or replacement in terms of transportation, resulting in loss sales opportunities in the tens of thousands of dollars."  (*Id.* ¶ 11.)  Plaintiff also alleges that "As a proximate result of the fraudulent conduct of Carvana, [Plaintiff] was forced to expend additional money to find alternative transportation and lost sales.  Additionally, as a result of Carvana's conduct [Plaintiff] was unable to fulfill obligations made to his clients."  (*Id.* ¶ 22.)

After the Court addressed defects in Plaintiff's affidavit of service, Defendant agreed to accept service of process and defense counsel entered an appearance.  (Orders, ECF Nos. 5,7,9; Stipulation, ECF No. 10.)  On February 25, 2022, Defendant filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6).  Thereafter, on March 23, 2022, Defendant filed a Motion to Grant Motion to Dismiss as Uncontested because Plaintiff failed to file a responsive pleading in opposition to its Motion to Dismiss.  Defendant's Motions are now before the Court for disposition.

Having received no responsive pleading, on March 29, 2022, the Court ordered Plaintiff to file a brief in opposition to the Defendant's Motion to Dismiss within thirty days—or by April 28, 2022.  (Order, ECF No. 21.)  In its March 29, 2022 Order, the Court warned Plaintiff that his failure to file an opposition brief could result in Defendant's Motion to Dismiss being "deemed unopposed, [and/or] the dismissal of this case."  (*Id.*)  On April 25, 2022, Plaintiff filed a 1½ page handwritten response entitled Response to Motion to Stay Discovery Pending Ruling on Motion to Dismiss for Failure to State a Claim (hereinafter "Response").  (Response, ECF No 23.)  Plaintiff's Response was directed to a motion to stay discovery (ECF No. 19) that Defendant had previously filed on March 25, 2022, and the Court denied on March 29, 2022.  (Order, ECF No. 20.)

The Response filed by Plaintiff is woefully deficient to satisfy the requirements of the Court's March 29, 2022 Order which directed Plaintiff to file an opposition brief.  In his Response, Plaintiff fails to address the arguments set forth in Defendant's Motion to Dismiss; instead, he focuses on the previously denied motion to stay discovery.  Plaintiff also fails to develop any coherent legal argument that would warrant denial of Defendant's motion to dismiss.  Therefore, even if the Court were to read his Response in the most favorable light, it would still fail because such conclusory and legally unsupported pleading constitutes waiver and/or abandonment of Plaintiff's argument against dismissal.  *See*, *e.g.*, *Simpson v. Erkerd*, 2017 U.S. Dist. LEXIS 28954, at *41 (E.D. Pa. Feb. 28, 2017) (providing three sentences of argument and failing to cite any pertinent authority resulted in waiver due to lack of development); *Paolino v. Glunt*, 2012 U.S. Dist. LEXIS 185862, at *21 (E.D. Pa. Jan. 12, 2012) (observing "Pennsylvania courts also will deem an issue waived if a petitioner fails to present 'any argument, citation, or supporting legal authority to substantiate [it].'"); *Bennett v. Varner*, 2004 U.S. Dist. LEXIS 2634, at *36 (E.D. Pa. Jan. 16, 2004) ("Petitioner's entire argument section pertaining to this issue consists of two (2) paragraphs quoted from the transcript.  He does not include any argument or citation to legal authority.  Accordingly, the issue is waived.").

The fact that Plaintiff is proceeding *pro se* does not save his deficient Response from the Court's application of the waiver doctrine.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[a]t the end of the day, [*pro se* litigants] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."); *Burns v. Lavender Hill Herb*

*Farm*, No. 1-7019, 2002 U.S. Dist. LEXIS 21826, at *14-15 (E.D. Pa. Oct. 30, 2002) (*pro se* plaintiff is not "excuse[d] from conforming to the rules of civil procedure or from pleading the essential elements of [their] claim"); *Smith v. SSA*, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999); *Miller v. Tucker*, No. 19-5670, 2020 U.S. Dist. LEXIS 151964, at *5-6 (E.D. Pa. Aug. 21, 2020) (granting motion to dismiss as uncontested under Local Rule 7.1(c) in *pro se* matter and noting plaintiff had been provided with the *Pro Se* Guidelines) (citing *Box v. Wetzel*, No. 18-5266, 2020 U.S. Dist. LEXIS 113560, at *2 (E.D. Pa. June 30, 2020) (granting motion to dismiss as unopposed in *pro se* matter); *Sorrells v. Phila. Police Dep't*, 2016 U.S. Dist. LEXIS 181900, at *1 (E.D. Pa. Jan. 26, 2016) (granting motion to dismiss as uncontested and dismissing the complaint in its entirety with prejudice), *aff'd*, 652 F. App'x 81, 83 (3d Cir. 2016)); *Paulson v. Applah*, No. 20-3678, 2021 U.S. Dist. LEXIS 7272, at *8 (E.D. Pa. Jan. 14, 2021) (dismissing *pro se* complaint for failure to follow Local Rule 7.1(c)).

      Defendant's Motion to Dismiss will be granted as uncontested because to date Plaintiff has failed to file an opposition brief. The deadline set by the Court's March 29, 2022 Order expired on April 28, 2022. Five months have passed since Defendant filed its Motion to Dismiss, yet Plaintiff has failed to file an opposition brief that substantively addressed Defendant's Motion. Therefore, the Court relies on the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort, for itself, counsel, and for litigants" to dismiss this lawsuit. *Chartener v. Providential Mut. Life Ins. Co.*, No. 02-8045, 2003 U.S. Dist. LEXIS 19500, at *2 (E.D. Pa. Oct. 23, 2003) (Citing *Landis v. N. Am Co.*, 299 U.S. 248, 254 (1936)).

      The Court finds further support for its decision to dismiss this lawsuit based on Local Rule 7.1(c). Pursuant to Local Rule 7.1(c), "[i]n the absence of timely response, [a] motion may be granted as uncontested except as provided under [the Federal Rule of Civil Procedure governing summary judgment motions]." See, e.g., *United States v. Eleven Vehicles*, 200 F.3d 203, 214 (3d Cir. 2000) ("Local court rules play a significant role in the district courts' efforts to manage themselves and their dockets" and district courts have the authority "to impose a harsh result, such as dismissing a motion or an appeal, when a litigant fails to strictly comply with the terms of a local rule."); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (expressly recognizing that a local civil rule may be properly invoked to treat a motion as unopposed); *Schutter v. Herskowitz*, No. 7-3823, 2008 U.S. Dist. LEXIS 44356, at *10 (E.D. Pa. June 6, 2008) ("Stackhouse does not require a court to examine the merits of any motion to dismiss where an opposing party has failed to respond."); see also *Naeem v. Bensalem Twp.*, No. 04-1958, 2005 U.S. Dist. LEXIS 4713, at *5 (E.D. Pa. Mar. 24, 2005) (collecting cases granting Rule 12(b) motions due to plaintiff's failure to file timely response under Local Rule 7.1(c)).